**Victor DeLEON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 48056.**

Court of Criminal Appeals of Texas.

Feb. 13, 1974.

Thomas Rocha, Jr. (Court appointed), San Antonio, Louis T. Rosenberg, (Court appointed on appeal only), San Antonio, for appellant.

Ted Butler, Dist. Atty., Gordon V. Armstrong and Douglas C. Young, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty. and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is sale of heroin; the punishment, twenty (20) years.

Appellant raises two grounds of error, neither of which challenges the sufficiency of the evidence.

San Antonio Police Officer Albert Chevera testified that on June 19, 1972, while working undercover, he purchased a quantity of heroin from appellant.

In his first ground of error, appellant contends that the State failed to establish the chain of custody of the heroin.

Officer Chevera testified that appellant sold him two balloons of heroin on the day in question. Chevera later met with San Antonio Detective Cuellar, and a field test indicated that the substance in the balloons was heroin. Both officers then placed their initials on the balloons and put the balloons in an envelope. Chevera testified that the envelope was sealed, and the date, a description of the contents and the officers' initials placed on the outside. The envelope was given to Officer Cuellar. Officer Chevera testified that the contents of the envelope which he examined during the trial were the same balloons which he purchased on June 19, 1972.

San Antonio Police Chemist Dennis Torraco testified that on June 21, 1972, Officer Cuellar delivered a large envelope to him which contained the envelope with the two balloons. He testified that both envelopes were sealed when he received them. The envelopes remained in his custody until the trial.

Appellant complains specifically of the failure of Officer Cuellar to testify as to the location and care of the evidence for the two days that it was in his possession. Appellant does not contend that the evidence was in any way tempered with or changed in any manner.

The envelope containing the balloons was sealed when Officer Chevera placed it under Officer Cuellar's control. The envelope remained sealed when it was delivered to Chemist Torraco. The testimony sufficiently identified the exhibits. Absent a showing that the envelopes had been tampered with or changed, appellant's objection goes to the weight rather than the admissibility of the evidence. See Mitchell v. State, Tex.Cr.App., 488 S.W.2d 786.

In ground of error number two, appellant complains of the action of the prosecutor in questioning appellant about certain prior convictions. On direct examination appellant testified that he had had three prior convictions on narcotics charges, in 1957, in 1960, and in 1965. On cross-examination, appellant was asked for more information on these convictions, the particular offense involved, the sentence, the amount of time served, reasons for revocation of parole and probation.

Appellant volunteered the fact of his prior convictions. No objection was made to the State's inquiries until all of the testimony was elicited and then only an objection that the questions were repetitious. No error is shown.

Finding no reversible error, the judgment is affirmed.