Robert Irving KINGSLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 019–88.

Court of Criminal Appeals of Texas,
En Banc.

Feb. 14, 1990.

Michael P. Gibson, Robert T. Baskett, Dallas, for appellant.

John Vance, Dist. Atty., and Kathi Alyce Drew, Marcus Busch and Janie Jackson, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted by a jury of "purchase of a child." V.T.C.A., Penal Code, § 25.06. Punishment was assessed at seven (7) years imprisonment in the Texas Department of Corrections and a $5,000 fine.

The Fifth Court of Appeals reversed and remanded on the ground that the trial court had erred by admitting evidence of unadjudicated extraneous offenses during the punishment phase of the trial. *Kingsley v. State*, 744 S.W.2d 191 (Tex.App.—

Dallas [5th] 1987). We granted the State's petition for discretionary review tò determine whether the Court of Appeals erred in holding that the trial court erroneously admitted extraneous offenses during the punishment stage of the trial in response to appellant's application for probation. We now find the Court of Appeals reached the correct result in deciding the issue.

After the appeals court handed down its opinion in the instant case, we addressed a similar issue in a pair of cases. In *Drew v. State*, 777 S.W.2d 74 (Tex.Cr.App.1989), citing *Murphy v. State*, 777 S.W.2d 44 (Tex. Cr.App.1989) (on rehearing), we held that evidence of specific conduct is inadmissible at the punishment phase of trial to show "suitability" of the accused for probation, when a timely objection is lodged. *Drew* and *Murphy*, both supra, control the instant case and we now find that our decision to grant the State's petition for discretionary review was improvident. Tex.R. App.P. 202(k).

With this understanding, we dismiss the State's petition for discretionary review. As is true in every case where this Court refuses a petition for discretionary review, this refusal does not constitute endorsement or adoption of the reasoning employed by the Court of Appeals. See *Sheffield v. State*, 650 S.W.2d 813 (Tex.Cr.App. 1983).