**Edward McMILLIAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–89–877–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 30, 1990.

Douglas M. O'Brien, Houston, for appellant.

Alan Curry, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION ON REHEARING

JUNELL, Justice.

A jury convicted appellant of aggravated assault and assessed punishment at ten years imprisonment plus a $5,000 fine. Appellant brings a single point of error alleging impropriety in admitting evidence of extraneous offenses during the punishment stage of trial in response to appellant's application for probation. We affirm.

On May 31, 1990, this court issued an opinion which dismissed this appeal for want of jurisdiction. On June 15, 1990, appellant filed a motion for rehearing accompanied by a motion to file a supplemental transcript. We granted both motions. The supplemental transcript was filed. It contains a written notice of appeal, the absence of which prevented us from exercising jurisdiction over the case when it first was presented to us. We withdraw our opinion of May 31, 1990, and substitute the following opinion.

Appellant intentionally and knowingly caused serious bodily injury to his wife, complainant, by striking her in the face with his hand. Complainant and appellant had been separated for several years but remained "friends" in the interests of their young daughter. Complainant testified that she had been assaulted on other occasions prior to the primary offense which occurred in the early morning hours at the complainant's apartment. Appellant entered the apartment uninvited and refused to leave. In the presence of the young daughter, appellant hit complainant with his fist and kicked her. The daughter called police who arrived and made an arrest. Complainant sought medical assistance and later filed charges for aggravated assault after she was released from the hospital. It is undisputed that complainant suffered a blunt trauma to her right eye and cheek, and that her cheekbone was fractured in three places. Complainant's eye sunk into its socket and fell down into her sinus cavity. Normal vision was not restored until more than three months after a seven hour surgical procedure followed by ten days in the hospital. Cost of medical care resulted in an incurred liability to the uninsured complainant of more than $14,000.

Appellant filed for probation to be considered by the jury at the punishment phase of trial. The State called complainant to testify about another encounter she had with appellant on an occasion after his commission of the primary offense. The defense objected by reurging a prior motion in limine. The trial court allowed the jury to hear testimony on the subsequent event, as follows.

One evening about two months after the primary offense, appellant appeared at the door of complainant's apartment. When complainant refused to admit him, appellant continued to knock on the front door and on a bedroom window. He loitered in the exterior breezeway of the apartment complex, and eventually disappeared. Complainant called police and explained to them the present situation, the earlier assault upon her by appellant, and the fact that a warrant was out for the arrest of appellant. Complainant's boyfriend ar-

rived. Police recommended that complainant leave her apartment for a safer place. Complainant and the boyfriend went across the street to his apartment for the night. At 5 a.m. appellant began knocking on the bedroom window of the boyfriend's apartment and angry words were exchanged. The boyfriend displayed a handgun which appellant saw through the window. Appellant then broke the window and went to a neighbor's where he picked up a barbecue pit which he threw at the living room window of the boyfriend's apartment. Complainant called police at 9-1-1. The boyfriend went to the front door and fired a shot in the air and appellant shouted back, daring the boyfriend to kill him.[1] Police arrived in five minutes, but appellant was gone. It was learned that complainant's apartment was broken into before the assault occurred on the boyfriend's apartment. After police left, appellant reappeared with the same barbecue pit he had used before and threw it at another window. Appellant then jumped through the broken window into the apartment where the boyfriend fired one shot at him. The gun jammed and wrestling ensued. Complainant once again called 9-1-1. Complainant grabbed a knife and stabbed appellant three times. It took appellant's mother, the boyfriend, a neighbor lady, and the complainant to restrain appellant until police and paramedics arrived one and one-half hours later. Appellant was handcuffed and taken outside to a patrol car. Along with interior damage to the apartment and its contents, six windows were broken and all four tires on the boyfriend's car were slashed.

Appellant urges us to find error in allowing the evidence of unadjudicated criminal mischief charge to reach the jury at the punishment phase of trial, arguing that it is "well settled Texas law that evidence of specific conduct is inadmissible at the punishment phase of trial to show 'suitability' of the accused for probation when a timely objection is lodged".[2]

All of the prior law on the subject was established before a significant change was made in 1989 to TEX.CODE CRIM.PROC.ANN. art. 37.07, Sec. 3(a). The complained-of testimony was appropriately put before the jury under the expanded language of TEX. CODE CRIM.PROC.ANN. art. 37.07 Sec. 3(a), effective for trials commencing on or after September 1, 1989.[3] The revised code section permits the State to offer "any matter the court deems relevant to sentencing"[4]. We find the testimony extremely relevant to the question of appellant's fitness for probation and that consideration of probation was an essential part of the sentencing process. Prior law showing admissibility of evidence at the punishment phase of trial was deemed a question of policy, not logical relevance. *See Miller–El v. State*, 782 S.W.2d 892 (Tex.Crim.App.1990). Whereas the court of criminal appeals opined in *Miller–El* that "the Legislature has not set a coherent policy to guide courts in discerning what evidence is appropriate to the punishment deliberation", it seems that the legislature has acted by revising Section 3(a) to adopt a policy of admitting anything relevant under the rules of evidence, the test for which is whether there is any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence, TEX.R.CRIM.EVID. 401, and the exclusion of which may only be, *inter alia*, if its probative value is *substan-*

---

1. "Kill me, kill me, M.F., M.F., kill me."

2. Citations are to: *Drew v. State*, 777 S.W.2d 74 (Tex.Crim.App.1989), *Murphy v. State*, 777 S.W.2d 44 (Tex.Crim.App.1989), and *Kingsley v. State*, 784 S.W.2d 688 (Tex.Crim.App.1990).

3. This trial started on September 11th, 1989. Also, pretrial motions were heard and jury voir dire took place on that day.

4. The exact change to the first sentence of Section 3(a), Article 37.07, Code of Criminal Proce-

dure, is found in Acts 1989, 71st Leg. ch. 785, § 4.04. The underscored words were added:

Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may, as permitted by the Rules of Evidence, be offered by the state and the defendant as to *any matter the court deems relevant to sentencing, including* the prior criminal record of the defendant, his general reputation and his character.

**314**

*tially* outweighed by the danger of unfair prejudice, if it confuses the issues, or if it would be misleading to the jury. TEX.R. CRIM.EVID. 403.

We see no conflict between the provisions of revised TEX.CODE CRIM.PROC.ANN. art. 37.07 Sec. 3(a), and TEX.R.CRIM.EVID. 404, "Character Evidence not Admissible to Prove Conduct; Exceptions; Other Crimes", notwithstanding the fact that subpart (c) of Rule 404 exempts only Article 37.071 of the Code of Criminal Procedure from the rule.

The evidence of appellant's criminal mischief on the occasion subsequent to the offense was reasonable information for the jury to have when called upon to decide whether or not to recommend that appellant be granted probation. Appellant's conduct is indicative of what society might expect if appellant was on probation. The evidence clearly is relevant. There was no confusion of the issues. The jury was not misled by the information. Given the outrageous nature of appellant's conduct, including the fact that he directed it toward complainant, the probative value of the evidence clearly outweighs the danger of unfair prejudice. If for no other reason than the future safety of complainant, the evidence should have been heard by the jury to reach its decision on probation.

Appellant's point of error is overruled. The judgment of the trial court is affirmed.