**Tommy Faris HUGGINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 09–89–267 CR.

Court of Appeals of Texas,
Beaumont.

Sept. 5, 1990.

Discretionary Review Refused
Nov. 21, 1990.

Jimmie Price, Conroe, for appellant.

Peter Speers, III, Dist. Atty., Kathleen Hamilton, Asst. Dist. Atty., Conroe, for the State.

## OPINION

BROOKSHIRE, Justice.

The Appellant was indicted for the offense of murder. He pleaded not guilty. A jury found him guilty and assessed his punishment at 90 years confinement.

The record reflects that the victim was Edgar Barnett. Edgar was accompanied by the Appellant, going to the Player's Club, on the night of August 14, 1988. An employee of the club testified that the victim and Appellant left together at about 1:30 a.m. on August 15th. The victim was driving a car which was identified by license plate numbers. The testimony from another witness, an acquaintance of the Appellant, indicated that at approximately 3:00 o'clock a.m. the acquaintance saw the Appellant driving the vehicle which had been previously driven by the victim. The Appellant yelled out something. The Appellant was driving the vehicle alone.

Later, a car wash employee testified that he found a blue-colored car in one of the wash stalls. It was the car that the victim had been driving. There was other very considerable and ample testimony. The sufficiency and adequacy of the evidence is not challenged on appeal.

The first ground of error is that error was committed in admitting into evidence during the punishment stage—not the guilt or innocence stage—extraneous, unadjudicated offenses as testified to by several witnesses. One female witness testified that at a prior time she and the Appellant left a bar together and went to her apartment. She went to sleep. When she awoke around three or four o'clock in the early morning, she discovered her purse and contents were scattered over the floor. Her car keys and her car were missing. She testified her automobile was later recovered but it was trashed out. This witness also stated that no charges were filed in connection with these offenses.

Another witness, one Barbara Bradshaw, testified that she saw Appellant going through her purse on the evening prior to the demise of Barnett. An additional witness testified that she saw Appellant going through a girl's purse. This testimony was offered at the punishment stage.

The State insists that section 3 of Article 37.07 of the Texas Code of Criminal Procedure is dispositive of the Appellant's first point of error and the disposition is adverse to Appellant. Section 3 was amended in 1989. This section 3(a) provides that regardless of the plea and whether the punishment is to be assessed by the trial court or the jury, evidence may be offered by the

State and the defendant as to any matter the court deems relevant to sentencing. TEX.CODE CRIM.PROC.ANN. art. 37.07 § 3(a) (Vernon Supp.1990). The evidence must be permitted by the Rules of Evidence.

■ We hold that the language that evidence may, as permitted by the Rules of Evidence, be offered by the State and the defendant as to any matter the court deems relevant to sentencing is additional to and separate and independent of the "prior criminal record of the defendant." This relevant evidence is also independent of and separate from evidence of the defendant's general reputation and his character. TEX.R.CRIM.EVID. 401 defines relevant evidence: the evidence is relevant if it has any *tendency* to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. We note that the language used is "any tendency to make the existence of any fact that is of consequence to the determination of the action." Part of the determination of the action, of course, was the assessment of punishment. We hold that the evidence submitted is of consequence to that determination. Point of error number one is overruled.

■ As an additional and separate, distinct basis of our overruling point of error one, we note that the legislature has provided that any matter that the court deems relevant to sentencing is admissible. We hold that this invokes the abuse of discretion test. It is further held that the trial judge did not under this record abuse his discretion.

We conclude that the solons of Texas overrule *Murphy v. State*, 777 S.W.2d 44 (Tex.Crim.App.1988).

■ Furthermore, TEX.CODE CRIM. PROC.ANN. art. 37.071(a) (Vernon Supp. 1990), which deals with capital murder cases, contains mandatory language which is very similar to that language used in article 37.07, sec. 3. In relevant part, article 37.071(a) entitled "Procedure in capital case", the wording reads:

In the proceeding, evidence may be presented as to any matter that the court deems relevant to sentence.

Article 37.07, sec. 3 reads in relevant, paramount part:

(a) ... [E]vidence may, as permitted by the Rules of Evidence, be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including the prior criminal record of the defendant, his general reputation and his character....

One article deals with relevant to sentence and the other relevant to sentencing. We hold there is no realistic difference or distinction. Our Court of Criminal Appeals has held under article 37.071(a) that evidence and proof of unadjudicated extraneous offenses at the punishment stage is admissible. *Gentry v. State*, 770 S.W.2d 780 (Tex.Crim.App.1988); *cert. den'd*, ─── U.S. ───, 109 S.Ct. 2458, 104 L.Ed.2d 1013 (1989). Appellant's point of error number one lacks merit.

■ The second point of error is that the jury should have received a charge on the law of aggravated assault. We disagree. No error was committed. In passing upon this contention we must reach a conclusion on an analysis involving two concepts: (a) the lesser included offense must be included within the proof that was necessary to establish the offense that was charged against the accused; (b) it is necessary that there exists some string or some specie of evidence in the record demonstrating that if the defendant is guilty then the defendant is guilty only of the lesser offense. *Salinas v. State*, 644 S.W.2d 744 (Tex.Crim.App.1983); *Daniels v. State*, 633 S.W.2d 899 (Tex.Crim.App.1982). Our ultimate determination on appeal in deciding whether a charge on a lesser offense is required is that of whether there is some evidence in the record raising the issue of the lesser offense; also that evidence must indicate that the accused is guilty only of the lesser offense. See *Borns v. State*, 674 S.W.2d 879 (Tex.App.—Dallas 1984, no pet.). We cannot make the determination in this appeal that the Appellant, if he was guilty at all, was guilty only of aggravated

assault. He was clearly guilty of murder on this record. Point of error two is overruled.

Next, the Appellant complains of prejudicial and manifestly improper jury argument delivered by the prosecution. The Appellant claims that a mistrial should have been granted during the punishment stage.

▉▉▉ The objection was that the argument was "an improper comment". Although this objection was general, the trial court sustained it and the trial court quickly and unequivocally instructed the jury to disregard the argument, thus vitiating any possible harm. We also conclude that this objection was insufficient in that it was too general in nature. See *DeRusse v. State*, 579 S.W.2d 224 (Tex.Crim.App.1979), *Meek v. State*, 628 S.W.2d 543 (Tex.App.—Fort Worth 1982, pet. ref'd). We think that the record shows that the alleged error was simply not properly preserved for appellate review. See *DeRusse, supra*. A general objection such as the one here simply does not sufficiently apprise the trial bench of the discernible grounds upon which the objection is leveled. *Earnhart v. State*, 582 S.W.2d 444 (Tex.Crim.App.1979). The result is that such a general objection does not preserve viable error. Thus, nothing is presented for review.

▉▉▉ Appellant's final point of error is somewhat similar to his third alleged point of error. The thrust of the contention is that the defendant was suggested to be like a Bengal tiger or a wild animal. Again, the objection was that an absolutely improper analogy was engaged in by comparing Mr. Huggins to some wild animal. We determine that the objection was too general and too broad. We think that the objection was not a proper, clear and specific one. The objection was that the argument contained an improper analogy. We think that such objection was not sufficient to preserve the matter for appellate review. It did not reasonably apprise the bench of the grounds upon which the objection was based. The rule has been firmly established that general objection such as improper and impermissible when leveled against the prosecutor's jury arguments simply failed to present a viable point for appellate review. See *Johnson v. State*, 650 S.W.2d 784 (Tex.Crim.App.1983). The judgment and sentence below is affirmed.

AFFIRMED.

BURGESS, Justice, concurring.

I concur in the affirmance but respectfully disagree with the majority's holding under point of error number one. I do not agree that the amendment to article 37.07, section (3)(a) allows the introduction of extraneous, unadjudicated offenses at the punishment stage. Prior to the amendment, it is clear that unadjudicated bad acts were not admissible in the punishment stage of non-capital prosecutions. *Ramey v. State*, 575 S.W.2d 535 (Tex.Crim.App. 1978); *Davis v. State*, 478 S.W.2d 958 (Tex. Crim.App.1972). *Murphy v. State*, 777 S.W.2d 44 (Tex.Crim.App.1988) reaffirmed the rule and clarified it to include those cases where a defendant had applied for probation. The majority recognizes the prior rule but concludes the amendment overruled *Murphy*. Furthermore, the majority relies upon article 37.071, the capital murder procedures, to reach their conclusion.

Article 37.071 is a completely different punishment scheme from article 37.07. The capital murder jury must answer questions, they do not determine any number of years. One of those questions is whether there is a probability that the defendant would commit acts of violence that would constitute a continuing threat to society. Thus, the focus is different. Also, there is a marked difference between the actual language in the sections. Article 37.071 is simple and straightforth, "In the proceeding, evidence may be presented as to any matter that the court deems relevant to sentence." While article 37.07 does have that language, there is additional language. This additional language defines "prior criminal record."

Sound principles of statutory construction require that this court presume that every word in a statute is used for a purpose. *Polk v. State*, 676 S.W.2d 408 (Tex.

Crim.App.1984). The majority's interpretation ignores this principle. Article 37.071 was in place before the recent amendment to article 37.07 § 3(a). The legislature could have deleted all references to "prior criminal record" but chose not to do so. Therefore, we must continue to give meaning to that phrase as defined. Consequently, I would hold the amended statute allows *any* matter deemed relevant to sentencing in only those areas other than unadjudicated extraneous offenses which have not resulted in final convictions.

Although the extraneous unadjudicated offenses were inadmissible, I would not reverse. The acts were not in any way heinous or even violent. In light of the vicious nature of the crime (there were 68 stab wounds and 6 cutting wounds on the deceased body) and the punishment assessed, I have no difficulty in determining beyond a reasonable doubt that the error made no contribution to the punishment. TEX.R.APP.P. 81(b)(2).