**William Carroll HUNTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–90–075 CR.**

Court of Appeals of Texas, Beaumont.

March 6, 1991.

Discretionary Review Granted June 5, 1991.

Mark Creighton, Darden, Fowler & Creighton, Conroe, for appellant.

Peter Speers, III, Dist. Atty. and Kathleen Hamilton, Asst. Dist. Atty., Conroe, for the State.

Before WALKER, C.J., BROOKSHIRE and BURGESS, JJ.

## OPINION

BROOKSHIRE, Justice.

A jury convicted William Carroll Hunter of possession of a controlled substance, cocaine, in an amount less than twenty-eight grams. The jury found the enhancement allegation true and assessed punishment at forty years' confinement in the Texas Department of Criminal Justice, Institutional Division and a $10,000 fine. Appellant raises three points of error.

Point of error one contends the crack pipe was inadmissible due to a break in the chain of custody. Appellant attacks the pipe's admissibility, not the existence of sufficient evidence to convict. Officer Ludrick identified State's Exhibit 1–B as the pipe he retrieved after he saw appellant drop it on the ground. He stated he gave the pipe to Officer Chilcutt. Officer Ludrick stated that he positively identified the pipe as the one he obtained from appellant because it resembled the one he picked up and "it never violated the chain of custody". He identified the envelope that the DPS lab mailed to the Conroe Police Department and testified that he broke the seal on the envelope that day as he prepared to testify. He positively identified Exhibit 1–B as the pipe he received from the DPS lab. Officer Chilcutt testified Officer Ludrick gave him the pipe, which he logged in at the police station and placed in the evidence locker. Officer Chilcutt positively identified Exhibit 1–B as the pipe he obtained from Officer Ludrick and turned

over to Officer Stephenson. Officer Stephenson positively identified Exhibit 1–B as the pipe he obtained from Officer Chilcutt and mailed to the DPS laboratory. Thomas G. Wilk, a DPS chemist, testified the pipe was received and logged in accordance with Department of Public Safety procedures, that he received the pipe, analyzed its contents, then placed it in the DPS vault. Wilk positively identified Exhibit 1–B as the pipe he analyzed. He recognized his initials on the pipe. He also identified the unique laboratory number printed on the bag.

We find the testimony sufficient to establish a chain of custody. The officers and the chemist identified the exhibit and traced the exhibit from the crime scene to the laboratory where the analysis was performed. *See Jones v. State*, 617 S.W.2d 704 (Tex.Crim.App.1981). In *Easley v. State*, 472 S.W.2d 128 (Tex.Crim.App.1971), cited by appellant, the witnesses could not testify that the envelope containing the evidence had not been opened. Here, the witnesses could positively identify the object itself. There was no evidence of tampering or loss of evidence. Thus, appellant's objection goes to the weight rather than the admissibility of the evidence. *DeLeon v. State*, 505 S.W.2d 288 (Tex.Crim.App.1974). Point of error one is overruled.

■ Point of error two asserts the officers lacked probable cause to stop and search appellant and appellant abandoned the crack pipe as a *spontaneous reaction to police misconduct.* Officer Ludrick, on patrol at 2:45 a.m., saw appellant and another male standing under a mercury vapor light in a vacant lot in a high crime area. He noticed appellant held a black object in his left hand and a shiny object in his right hand. Appellant saw the officer and placed his right hand behind his back. As the officer approached, appellant dropped the object, which became State's Exhibit 1–B.

Appellant relies upon *Hawkins v. State*, 758 S.W.2d 255 (Tex.Crim.App.1988), which held that if the accused abandons property in response to police misconduct, the abandonment will not be considered a voluntary or independent act and thus the protections of the fourth amendment will apply. In *Hawkins*, the officers, without any objective basis for suspecting criminal activity, surrounded and closed in on the defendant in order to detain and question him. The Court of Criminal Appeals concluded that the stop was unjustified and found the defendant was seized before he abandoned the evidence. In this case appellant discarded the contraband on the officer's initial approach. Officer Ludrick had not spoken to appellant. The officer was alone. There was no restraint of movement. Thus, the record reflects appellant abandoned the property prior to any investigative stop. In addition, the officer expressed specific and articulable facts for an investigative stop permissible under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Point of error two is overruled.

■ Point of error three complains the trial court allowed the state to introduce evidence of an extraneous offense in the punishment phase of the trial. During the punishment phase of the trial a police officer testified that on a previous occasion he approached appellant and upon confrontation appellant threw away a cocaine-filled Tylenol bottle. This incident resulted in an indictment which was ultimately dismissed. This prior occurrence resulted in a regularly and properly returned indictment.

It should be pointed out that the Appellant had been in possession of the same substance on a different occasion. Likewise, the Appellant had discarded the contraband evidence in a manner similar to this instant case. We conclude that the relevancy of the officer's testimony is undeniable. Article 37.07 provides that such relevant testimony to the sentencing phase is clearly admissible. We hold that the trial court did not abuse its discretion. Since the evidence was clearly both relevant and admissible there was no abuse of discretion on the part of the trial judge. The trial judge certainly has reasonable discretion.

We think that this Court's recent opinion in *Huggins v. State*, 795 S.W.2d 909 (Tex.

App.—Beaumont 1990, *pet. ref'd* ), is highly persuasive in overruling Appellant's point of error three. We must stress that the legislature has provided that any matter that the court deems relevant to sentencing is admissible, and any evidence which tends to make the existence of any fact that is of consequence to the determination thereof more probable or less probable than it would be without it, is relevant under TEX.R.CRIM.EVID. 401, and thus admissible under TEX.CODE CRIM.PROC.ANN. art. 37.07 § 3(a) (Vernon Supp.1990). *Id.* at 911.

Furthermore, TEX.CODE CRIM.PROC.ANN. art. 37.07 § 3 permits evidence to be proffered by the State and by the defendant as to any matter that the trial court deems relevant to sentencing. In the instant case, the trial judge deemed the prior occurrence involving cocaine and the disposition thereof relevant and our Ninth Court of Appeals holds this evidence to be relevant and admissible. *Montgomery v. State,* Nos. 1090–88 and 1091–88, Tex.Crim.App., May 30, 1990 (not yet reported). Point of error three is disallowed; the judgment and sentence below are affirmed.

AFFIRMED.

BURGESS, Justice, dissenting.

I respectfully dissent to the disposition of point of error number three. Although I dissented from the majority in *Huggins v. State,* 795 S.W.2d 909 (Tex.App.—Beaumont 1990, pet. ref'd), I recognize its precedential effect.

During the punishment phase of the trial a police officer testified that on a previous occasion he approached appellant and upon confrontation appellant threw away a cocaine-filled Tylenol bottle. This incident resulted in an indictment which was ultimately dismissed. The officer's explanation for the dismissal was that he could not prove that the bottle was the object he saw appellant toss. The state's reason for the dismissal was insufficient evidence.

*Huggins* held that evidence may be offered as to any matter which the court deems relevant to sentencing, independent of prior criminal record and character or reputation evidence. Thus, any evidence which tends to make the existence of any fact that is of consequence to the determination more probable or less probable than it would be without it, is relevant under Tex.R.Crim.Evid. 401, and thus admissible under Tex.Code Crim.Proc.Ann. art. 37.07 § 3(a) (Vernon Supp.1990).

The trial court's decision to admit the evidence is reviewable under the standard of abuse of discretion. *See Huggins* at 911. Considering the offense was not only unadjudicated but was dismissed in the sound discretion of the prosecution due to the state's inability to prove its case, I would find the trial court abused its discretion in admitting the offense.

Having found error, I must determine whether beyond a reasonable doubt the error made no contribution to the punishment assessed. Tex.R.App.P. 81(b)(2). In addition to the prior conviction for unlawful possession of stolen mail material which was alleged in the enhancement paragraph of the indictment, the state also showed that appellant had received probation in 1975 on a forgery charge and in 1985 for misdemeanor possession of marihuana. However, the prosecutor's entire argument is centered on the facts and merits of the unadjudicated offense. Unlike the other offenses, the unadjudicated offense was identical to the current offense. This fact was argued by the state, as was the fact that it was the most recent offense. I simply cannot determine beyond a reasonable doubt that the evidence made no contribution to the punishment. I would sustain point of error three and reverse and remand for a new trial on punishment only. Since the majority does not, I respectfully dissent.