Debbra SLOTT, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–90–161 CR.

Court of Appeals of Texas,
Beaumont.

Jan. 8, 1992.

Charles T. Moreland, Willis, for appellant.

Peter Speers, III, Dist. Atty., Kathleen Hamilton, Asst. Dist. Atty., Conroe, for the state.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

OPINION

BROOKSHIRE, Justice.

The appellant, Debbra Slott, was charged by indictment with the murder of Donna Raney by stabbing her with a knife. The case proceeded to trial before a jury on May 21, 1990. After all the evidence was presented, the court charged the jury with instructions regarding Murder and the lesser included offenses of Voluntary Manslaughter, Involuntary Manslaughter, Criminally Negligent Homicide, and Aggravated Assault. The jury found the appellant guilty of the offense of voluntary manslaughter.

During the punishment phase of the trial, the State elicited testimony from the appellant's present husband regarding two separate incidents of family violence involving the appellant. One altercation happened one week prior to the incident before the court in which the appellant threatened her husband with a knife and commanded him to leave the premises. The second incident occurred during an attack by her husband, in which she cut him with a knife while he was beating her. Upon cross examination of the appellant regarding her ex-husband, Mike Gordon, the State asked the question, "has there been a time when you struck him in the body with a knife?" The appellant answered, "Yes, sir." She then went on to relate that it was done in self-defense while her ex-husband was attacking her at home. The State then attempted to question the appellant regarding the possibility of ever having assaulted her first husband, one Mr. McGowen, but the defense objected and the court sustained it.

The jury assessed the maximum sentence of twenty (20) years with an affirmative finding of Use of a Deadly Weapon.

The appellant urges two points of error: (1) that the trial court erred in allowing the introduction of evidence of extraneous offenses to the jury at the punishment phase of the trial; and (2) that the trial court erred in denying a requested jury charge submitted by the defense regarding the lesser included offenses.

■ Any discussion of submitting "extraneous offense" evidence at the punishment phase of a trial must of necessity begin with TEX.CODE CRIM.PROC.ANN. art. 37.07 (Vernon Supp.1991). Prior to its effective date of September 1, 1989, several cases had held that evidence of specific conduct was not admissible to show the character of the defendant at the punishment phase of trial. *Kingsley v. State*, 784 S.W.2d 688 (Tex.Crim.App.1990); *Murphy v. State*, 777 S.W.2d 44 (Tex.Crim.App. 1989); *Drew v. State*, 777 S.W.2d 74 (Tex. Crim.App.1989). The Court of Criminal Appeals in the case of *Miller–El v. State*, 782 S.W.2d 892 (Tex.Crim.App.1990), stated that "deciding what punishment to assess is a normative process, not intrinsically fact-bound" in quoting from the *Murphy* decision. The court also observed that "what evidence should be admitted to inform that normative decision is not a question of logical relevance, but of policy." The court when on to state that apart from art. 37.07 § 3(a), "the legislature has not set a coherent policy to guide courts in discerning what evidence is appropriate to the punishment deliberation." The *Miller–El* court held that in moving in to fill the policy void the court would hold that evidence of "the circumstances of the offense itself, or ... the defendant himself," will be admissible at the punishment phase citing the *Murphy, supra* at page 63. Two months later on March 21, 1990, in *Griffin v. State*, 787 S.W.2d 63 (Tex.Crim.App. 1990), the court altered its stance in *Murphy* by holding that the defendant placed his "suitability" for probation in issue and thereby consented to admission of prior conduct evidence by the State.

On August 30, 1990, in *McMillian v. State*, 799 S.W.2d 311 (Tex.App.—Houston [14th Dist.] 1990, pet. granted), the court admitted evidence of an unadjudicated subsequent offense in response to defendant's application for probation. The court held that amended art. 37.07 § 3(a), was effective for trials commencing on or after September 1, 1989, and that the amended code permitted the State to offer "any matter the court deems relevant to sentencing." The court also observed that in response to the *Miller–El* case the legislature had acted by revising § 3(a) to adopt a policy of admitting anything relevant under the Rules of Evidence. TEX.R.CRIM.EVID. 401 was cited to define relevancy as well as Rule 403 to determine exclusion if the probative value substantially outweighs the danger of unfair prejudice, or if it confuses the issues, or if it would be misleading to the jury. The Houston Court noted no conflict between art. 37.07 § 3(a) as amended and TEX.R.CRIM.EVID. 404, notwithstanding the fact that Rule 404(c) exempts only art. 37.071 of the TEX.CODE CRIM.PROC. from that rule.

Within one week, on September 5, 1990, this Court in *Huggins v. State*, 795 S.W.2d 909 (Tex.App.—Beaumont 1990, pet. ref'd), held that under the amended art. 37.07 § 3(a), evidence of extraneous, unadjudicated offenses was relevant to assessment of punishment and further that evidence as to matters which the court deems "relevant to sentencing" is independent and separate from evidence of the defendant's prior criminal record, his general reputation, and his character.

On March 6, 1991, this Court again wrote on the issue at bar in *Hunter v. State*, 805 S.W.2d 918 (Tex.App.—Beaumont 1991, pet. granted).[1] In citing *Huggins, supra,* we again held that the legislature has provided that any matter that the court deems relevant to sentencing is admissible under TEX.CODE CRIM.PROC. art. 37.07 § 3(a).

In the same month and year, in the case of *Cannon v. State*, 807 S.W.2d 631 (Tex. App.—Houston [14th Dist.] 1991, no pet.), that court held that evidence of a pending, unadjudicated charge was properly admitted during the punishment phase of the trial, the charge being relevant to the jury's deliberation on punishment, especially in view of the fact that the pending charge and the charge for which he was convicted were one and the same.

On April 3, 1991, in the case of *Gallardo v. State*, 809 S.W.2d 540 (Tex.App.—San Antonio 1991, pet. granted), the court

---

1. The Court of Criminal Appeals has set *Hunter, supra,* for hearing January 23, 1992.

agreed with the *Huggins* case and the *McMillian* case and after examining the construction of § 3(a) of art. 37.07, stated that the article as amended, "... simply puts before a jury assessing punishment in a felony case the same information presently available to juries in capital cases and to courts assessing punishment in other cases." This case noted that when the court assesses punishment in a non-capital case, it is expressly permitted to consider pre-sentence investigation reports which may contain evidence of unadjudicated offenses.

The case of *Hubbard v. State*, 809 S.W.2d 316 (Tex.App.—Fort Worth 1991, no pet.) cited the *Huggins* case with agreement and noted that art. 37.07 § 3(a) is procedural in nature, therefore, it may be applied to trials for offenses committed before its effective date and to proceedings pending at the time of its enactment so that in any event, all evidence of extraneous offenses occurring before the effective date of the act would be admissible.

The only two cases running contra to the previous cases cited are from the Dallas Court of Appeals dated June 4, 1991, and June 13, 1991, respectively. They are *Grunsfeld v. State*, 813 S.W.2d 158 (Tex. App.—Dallas 1991, pet. granted), and *Jolivet v. State*, 811 S.W.2d 706 (Tex.App.—Dallas 1991, pet. granted). Judge John F. Onion, a visiting judge, wrote the majority opinion for *Grunsfeld*. Justice Lagarde dissented from the majority which held that the extraneous offense evidence should be excluded; but then Justice Lagarde wrote the majority opinion in the *Jolivet* case. After apologizing in a footnote, the author felt constrained by the doctrine of stare decisis to follow the *Grunsfeld* decision. It is remarkable that all the criticism leveled by Judge Onion in *Grunsfeld* has not only been met by the various cases cited previously, but was also met on each point by the dissent written by Justice Lagarde. In any event, the final outcome of this issue should be resolved by the Court of Criminal Appeals in January 1992, upon hearing the *Hunter* case with its companion cases.

We hold under the present facts of the case that the extraneous offense evidence tendered during the punishment phase of the trial was admissible, and we overrule appellant's point of error number one.

■ In point of error two, appellant contends that reversible error was committed by the trial court in refusing a requested jury charge regarding benefit of the doubt in considering lesser included offenses. The appellant requested a charge to be given by the court to the jury which essentially provided that if the jury had a reasonable doubt that the defendant was guilty of the primary offense or the lesser included offense then the jury would be forced to find the defendant guilty of the lesser offense. If this charge had been submitted to the jury, it would not have been allowed to proceed beyond the first instruction and the first included offense in that the jury would be required to find the defendant guilty of the lesser included offense if they had not found guilt regarding the primary offense.

We find that the actual charge given adequately presented the theory proposed by the requested instruction and was in fact a more favorable charge than that requested by the appellant.

We have carefully read and analyzed the court's charge as challenged by the Appellant's second point of error. We concluded the court's charge was correct and free from error. In any event the appellant has failed to show harm as a result of the charge given. *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1984). Furthermore, the six different forms of verdicts submitted to the jury were fair and correct.

We conclude that Justice LaGarde's dissenting opinion in *Grunsfeld v. State, supra* is the better reasoned opinion on Article 37.07, section 3(a), of the Texas Code of Criminal Procedure because of the very wording of that statute. LaGarde's, J., construction of Article 37.07, section 3(a), is compellingly and strikingly logical. The Dallas Court divided 8 to 7 on this matter. Justice LaGarde carefully and in a scholarly fashion analyzed and wrote on each of the correct Construction Guidelines. *See*

Tex.Gov't Code Ann. § 311.023 (Vernon 1988). Justice Onion failed to do so. Justice Onion, with forced candor, has been obliged to admit that at least three courts of appeals had written on the question. All three were contra to Onion's opinion. La-Garde listed a fourth court of appeals.

We overrule appellant's points of error one and two and affirm the judgment of the trial court.

AFFIRMED.

BURGESS, Justice, dissenting.

I respectfully dissent to the majority's disposition of the extraneous offense point of error. I believe it was error, *see Huggins v. State*, 795 S.W.2d 909 (Tex.App.—Beaumont 1990, pet. ref'd) (concurring opinion) and I cannot determine beyond a reasonable doubt that the evidence made no contribution to an assessment of the maximum punishment, *see Hunter v. State*, 805 S.W.2d 918 (Tex.App.—Beaumont 1991, pet. granted) (dissenting opinion). Furthermore, I believe Judge Onion's analysis of Tex.Code Crim.Proc.Ann. art. 37.07, section 3(a) (Vernon Supp.1992) in *Grunsfeld v. State*, 813 S.W.2d 158 (Tex.App.—Dallas 1991, pet. granted), is well reasoned and correct. Since the majority feels otherwise, I respectfully dissent.