Willie **CHARLESTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–91–205–CR.

Court of Appeals of Texas, Corpus Christi.

June 30, 1992.

Christ Rand, Corpus Christi, for appellant.

Grant Jones, James D. Rosenkild, Corpus Christi, for appellee.

Before NYE, C.J., and SEERDEN and GILBERTO HINOJOSA, JJ.

OPINION

NYE, Chief Justice.

A jury found appellant guilty of aggravated sexual assault and sentenced him to life imprisonment. By a single point of error, appellant claims that the trial court erred in admitting penitentiary packets to prove prior convictions after appellant pleaded true to enhancement allegations at the pun-

ishment phase. We affirm the trial court's judgment.

Appellant argues that his plea of true satisfied the State's burden of proof. Thus, the enhancement allegations were resolved, and that issue was no longer before the jury. He would have us hold that a trial court commits reversible error any time it admits pen packets after a criminal defendant pleads true to prior convictions. We decline to do so.

Appellant elected to have the jury assess punishment. At the punishment phase, the prosecutor read the enhancement paragraphs in the indictment. Appellant then pleaded "true" to the allegations that he had prior felony convictions. The State then offered two pen packets. The first contained copies of the judgments, sentences, indictments, and plea bargains for appellant's convictions for armed robbery, kidnapping, burglary, and grand theft in Florida. The other pen packet contained the same type of documents on his burglary conviction in Texas. Defense counsel objected, stating that the packets were irrelevant since appellant pleaded true. He also objected because he did not want the jury to know the length of appellant's previous sentences. The trial court overruled the first objection and sustained the second, instructing the jury to consider the pen packets only as proof that appellant was twice before convicted of felonies. The court admitted the packets and then recessed for lunch while the charge was prepared. After lunch, but before the jury was brought back into the courtroom, counsel reurged his objection to the pen packets, adding that he did not "believe it's at all relevant what those convictions were for, and even if it were relevant, its highly prejudicial." The packets were already in evidence when the appellant reurged his objection and brought new grounds. These objections, even if good, were not timely and are not preserved for review. *Polk v. State,* 729 S.W.2d 749, 753 (Tex.Crim.App. 1987). Moreover, on appeal he also claims error because the packets contained details of the crimes. We find that the complaint has been waived since it was not raised below. *Thomas v. State,* 723 S.W.2d 696,

700 (Tex.Crim.App.1986); *Baldonado v. State,* 745 S.W.2d 491, 496 (Tex.App.—Corpus Christi 1988, pet. ref'd); *Ramos v. State,* 819 S.W.2d 939, 942–43 (Tex.App.—Corpus Christi 1991, pet. ref'd). The only timely objection that counsel pursued to an adverse ruling was on grounds that appellant's plea of true rendered the packets irrelevant.

Appellant's plea of true may indeed have sufficed to alleviate the State's burden of proving that appellant had prior felony convictions. *Burns v. State,* 695 S.W.2d 235, 236 (Tex.App.—Corpus Christi 1985, no pet.). However, appellant's argument fails. Properly authenticated pen packets containing copies of the judgment and sentence of a defendant's previous convictions are admissible at punishment. *Beck v. State,* 719 S.W.2d 205, 210 (Tex. Crim.App.1986); *see also Reed v. State,* 811 S.W.2d 582 (Tex.Crim.App.1991); *Dinglar v. State,* 768 S.W.2d 305 (Tex.Crim.App. 1989); *Lyle v. State,* 669 S.W.2d 853, 855–56 (Tex.App.—Corpus Christi 1984, no pet.). "Even if a defendant's judicial admission is sufficient standing alone to support proof of a prior conviction, the State may still introduce a pen packet to support such proof." *Beck,* 719 S.W.2d at 210.

Article 37.07, § 3(a) of the Code of Criminal Procedure states:

*Regardless of the plea and whether punishment be assessed by the judge or the jury,* evidence may, as permitted by the Rules of Evidence, be offered by the state or the defendant as to any matter the court deems relevant to sentencing, including the prior criminal record of the defendant, his general reputation and his character. The term prior criminal record means a final conviction. . . .

TEX.CODE CRIM.PROC.ANN. art. 37.07 § 3(a) (Vernon Supp.1992) (emphasis added). Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. TEX. R.CRIM.EVID. 401. Part of the determination of the action is the assessment of

punishment. *See Huggins v. State*, 795 S.W.2d 909, 911 (Tex.App.—Beaumont 1990, pet. ref'd).

The information in the pen packets showed that appellant was a habitual criminal offender. Such information is relevant to the trier of fact assessing punishment. The legislature has spoken, saying that any matter that the trial court deems relevant to sentencing is admissible, subject to the Rules of Evidence. *See Huggins*, 795 S.W.2d at 911; TEX.CODE CRIM.PROC.ANN. art. 37.07 § 3(a). The trial court did not abuse its discretion in admitting the pen packets. *See Huggins*, 795 S.W.2d at 911.

Appellant also contends that the trial court erred in permitting the prosecutor to argue specific facts concerning the convictions when appellant had already pleaded true. Again we disagree with the appellant. Once the pen packets were in evidence, the prosecutor told the jury to look at them and consider the kind of crimes appellant committed in the past. We do not find that the prosecutor argued the details of the prior convictions. He merely urged the jury to consider documents that were properly in evidence. We find no error in the trial court's ruling. The point of error is overruled.

The trial court's judgment is AFFIRMED.