William Carroll HUNTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 377–91.

Court of Criminal Appeals of Texas,
En Banc.

Jan. 6, 1993.

G. Mark Creighton, Conroe, for appellant.

Peter C. Speers, III, Former Dist. Atty. & Kathleen A. Hamilton, Asst. Dist. Atty., Conroe, Robert Huttash, State's Atty., Austin, for the State.

### OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted of the offense of possession of a controlled substance in an amount less than twenty-eight grams and the jury, after finding an enhancement

---

paragraph true, assessed punishment at forty years confinement in the penitentiary and a fine of $10,000. This conviction was affirmed. *Hunter v. State*, 805 S.W.2d 918 (Tex.App.—Beaumont 1991). We granted appellant's petition for discretionary review to determine whether unadjudicated acts of misconduct are admissible at the punishment phase of a non-capital trial after the 1989 amendment to Article 37.07, § (3)(a), V.A.C.C.P.

During the punishment phase of trial, the State offered testimony of a police officer concerning a previous arrest of appellant for possession of a controlled substance. This arrest did not result in a final conviction. Nevertheless, the Court of Appeals held that this evidence was admissible under the 1989 amendment to Article 37.07, § (3)(a), supra.

The Court of Appeals' opinion was handed down before our decision in *Grunsfeld v. State*, 843 S.W.2d 521 (Tex.Cr.App. No. 1037–91, delivered October 28, 1992, rehearing denied December 9, 1992). We therefore vacate the judgment of the Court of Appeals and remand the cause to that court for reconsideration in light of our decision in *Grunsfeld*.