Debbra SLOTT, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–90–161 CR.

Court of Appeals of Texas,
Beaumont.

June 9, 1993.

Charles T. Moreland, Conroe, for appellant.

Daniel C. Rice, Dist. Atty., Sharron S. Davidson, Asst. Dist. Atty., Conroe, for state.

Before WALKER, C.J., and
BROOKSHIRE and BURGESS, JJ.

## OPINION ON REMAND

BROOKSHIRE, Justice.

On May 21, 1990, the appellant, Debbra Slott, went to trial before a jury for the murder of Donna Raney for having stabbed her to death with a knife. The jury was charged with instructions regarding murder and lesser included offenses. The jury found the appellant, Debbra Slott, guilty of the lesser included offense of voluntary manslaughter. The jury also assessed punishment at 20 years confinement in the Texas Department of Criminal Justice, Institutional Division, and made an affirmative finding of use of a deadly weapon. Appellant perfected her appeal to this Court and on January 8, 1992 this Court rendered an opinion overruling appellant's points of error and affirming the judgment and sentence of the trial court with one justice filing 'a dissent. *Slott v. State*, 824 S.W.2d 225 (Tex.App.—Beaumont 1992), *rev'd and rem.*, 843 S.W.2d 571 (Tex.Crim.App.1993).

The appellant, Debbra Slott, filed a petition for discretionary review and the Texas Court of Criminal Appeals granted said petition to determine whether unadjudicated acts of misconduct are admissible at the punishment phase of a non-capital trial after the legislative amendment in 1989 to TEX.CODE CRIM.PROC.ANN. art. 37.07(3)(a) (Vernon Supp.1993).

In a Per Curiam opinion delivered December 23, 1992, the Texas Court of Criminal Appeals reversed the judgment of this Court of Appeals, and remanded the cause to this Court for reconsideration in light of its decision in *Grunsfeld v. State*, 843 S.W.2d 521 (Tex.Crim.App.1992).

Appellant brings one point of error alleging that the trial court committed reversible error when it allowed the introduction of evidence of four extraneous offenses before the jury at the punishment phase of the trial.

The issue before the Texas Court of Criminal Appeals in *Grunsfeld* was to de-

termine whether Article 37.07(3)(a) as amended, allows admission of unadjudicated extraneous offense evidence in the punishment phase of a trial for a non-capital offense.

In *Grunsfeld* as in *Hunter v. State* (decided with, and as a companion case to *Grunsfeld*) each defendant was charged with the offense of aggravated sexual assault on a female and in each case at the punishment phase, testimony was admitted that the defendant had sexually assaulted other individuals but there was no final conviction of said assaults. Timely objections to that testimony were lodged by each defendant under Article 37.07(3)(a) as being inadmissible. In each case the defendants' mother testified that the defendant had not been previously convicted of a felony, thus establishing his eligibility for probation.

The relevant portion of Article 37.07(3)(a) as amended provides as follows:

Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may, as permitted by the Rules of Evidence, be offered by the state and the defendant as to *any matter the court deems relevant to sentencing, including* the prior criminal record of the defendant, his general reputation and his character. The term prior criminal record means a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged. (emphasis on portion added by amendment).

After the Court of Criminal Appeals in *Grunsfeld* examined the legislative intent and history of the amendment in question and the term "prior criminal record," the court found evidence of extraneous unadjudicated offenses was improperly admitted. After finding error, the court noted that it would be reversible unless it could be determined beyond a reasonable doubt that the error made no contribution to the assessment of punishment. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Harris v. State*, 790 S.W.2d 568 (Tex.Crim.App.1989); TEX. R.APP.P. 81(b)2. The court then affirmed

the Court of Appeals which had reversed the trial court in *Grunsfeld*, and reversed the Court of Appeals in *Hunter* which had affirmed the trial court and remanded both cases to their respective trial courts for proceedings consistent with TEX.CODE.CRIM. PROC.ANN. art. 44.29(b) (Vernon Supp.1993).

In the case before us, the appellant filed a motion in limine to prevent the introduction of five unadjudicated offenses. These offenses were not offered during the guilt/innocence portion of the trial. However, testimony concerning drug usage by the appellant was admitted with the consent of the appellant since it was part of her defense.

After the jury found the appellant, Debbra Slott, guilty of the lesser included offense of voluntary manslaughter, the prosecution informed the court that they wanted to refer to four extraneous offenses which had been the subject of a motion in limine filed by the appellant. The court was asked to rule on the admissibility of the extraneous offenses and the court held that Article 37.07 was the basis for which he would allow the introduction of that evidence over the objection by the appellant.

It should be noted at this point that the appellant had applied for felony probation alleging by sworn affidavit that she had never before been convicted of a felony in the State of Texas or any other State. In reviewing the case before us, in light of *Grunsfeld*, we recognize this to be a critical element in the case before us.

Appellant used one of the extraneous offenses as part of her defense, that is the use of controlled substances, but the remaining four 1) an assault on her ex-husband, Mike Gordon, with a glass Coke bottle, 2) stabbing the said Mike Gordon, 3) an assault on Mark Slott (her husband at the time of trial) by cutting him with a razor, and 4) assaulting the said Mark Slott with a knife, were admitted over objection by the appellant. Error was preserved by objection during a hearing out of the presence of the jury in accordance with *Ethington v. State*, 819 S.W.2d 854 (Tex.Crim.App.1991). The State mentioned the extraneous of-

fenses in its opening argument of the punishment phase by referring to "defendant's past", "drug usage", and "assaultive type of offenses that you may have been interested in that she may have committed in the past." Mark Slott was the only witness tendered by the State during the punishment phase. He testified that she had cut him with a knife but that he had been beating her. The appellant testified also and on cross examination she was asked about knifing her ex-husband, Mike Gordon. All the above extraneous unadjudicated offenses were presented to the jury during the punishment phase. The appellant was the only witness on her behalf during the punishment phase. She testified that five of her seven children lived with her. She disclaimed remembering how the deceased got stabbed and went on to testify that she understood the usual and special terms of probation. The appellant was not asked if she could comply with the terms, nor if she would be a good candidate for probation nor if she was generally of good character. Appellant stated that she no longer worked as a police informant but she asked for probation so that she could care for her children, especially one handicapped child.

The State, in its final argument, referred on several occasions to the extraneous offenses. At one time the prosecution stated that the handicapped child had been with Debbra Slott when "she was cutting and slashing or attempting to cut her husband" and argued strenuously that "this is not a probation case". The jury sentenced the appellant to the maximum of 20 years confinement in the Institutional Division of the Texas Department of Criminal Justice.

We find the case before us to be very similar in nature to *Grunsfeld* and *Hunter* in that probation was being sought by the appellant in each instance and the State offered evidence through unadjudicated offenses of a similar nature to that for which the appellant was being tried. In the case before us, we find that error was committed in admitting the four unadjudicated offenses outlined above. We cannot determine beyond a reasonable doubt that this error made no contribution to the punishment. TEX.R.APP.P. 81(b)(2). After isolating the error, examining its source, its nature, and the emphasis given it by the State, its negative effect on the application for probation cannot be denied. *Harris v. State*, 790 S.W.2d 568 (Tex.Crim.App.1989). We affirm the conviction of the trial court as to guilt but we reverse that portion of the trial which assessed punishment of the appellant and we remand the case back to the trial court for a new hearing on the punishment portion of the trial in accordance with TEX.CODE CRIM.PROC.ANN. art. 44.29(b).

While the issue of *recent criminal conduct* committed since the commission of the indicted offense in question before the trial court is not presented to us; we, nevertheless, subscribe to the reasoning and holding of the recent case of *McMillian v. State*, 850 S.W.2d 777 (Tex.App.—Houston [14th Dist.] 1993, pet. filed) in stating:

> While *prior* acts may have little relevance to a determination of whether an accused will conform his conduct to the requirements of the law, evidence regarding what an accused does *after* he is in the process of being called to account for his earlier actions is obviously much more probative. (emphasis theirs)

This type of evidence—recent conduct and behavior—is highly relevant to the jury in determining if probation is proper. As the *McMillian* court states so succinctly, the "[p]unishment should fit the offender as well as the crime." *Id.* The jury has the right to gain some insight into the kind of person who is asking to be released back into public life, to have access to those he has injured previously and the public generally. This kind of evidence becomes highly relevant. "To hold otherwise would be asking the jury to exercise its discretion in a vacuum." *Id.*

The court instructed the jury that recommending probation rest within the sound discretion of the jury. Query: How sound is that discretion if the jury is blindfolded to relevant proof of the accused's disregard for the law and other person's rights to live

peacefully and live free from criminal violence.

AFFIRMED in part; REVERSED AND REMANDED in part.

BURGESS, Justice, concurring.

I concur in the result. I write only regarding the discussion of *McMillian v. State*, 850 S.W.2d 777 (Tex.App.—Houston [14th Dist.] 1993, pet. filed) and portions following. Since Justice Brookshire acknowledges the issue of "recent criminal conduct" is not presented to us in this case, I will reserve any discussion of that issue until it is properly before us.

WALKER, Justice, concurring.

I concur in the result reached in Justice Brookshire's opinion. I also concur in the concurrence filed by Justice BURGESS, without legal comment.