Opinion Issued January 7, 2010

 














In The

Court of Appeals

For The

First District of Texas






NO. 01-09-00201-CR






ODIE MICHAEL MILES, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 241st District Court

Smith County, Texas (1)

Trial Court Cause No. 241-1533-08




 

O P I N I O N

 Appellant, Odie Michael Miles, appeals a judgment convicting him for the
offense of driving while intoxicated for which he was sentenced to 99 years in prison. 
See Tex. Penal Code Ann. § 49.04 (Vernon 2003), 49.09(b)(2) (Vernon Supp.
2009). In his sole point of error, appellant contends the trial court erred by failing to
sustain appellant's objection to an improper closing argument by the State. We
conclude appellant waived the complaint by failing to make a specific objection to
the argument. 

 We affirm.

Background

 In July 2008, while Trooper Steven Hodge of the Texas Department of Public
Safety was performing a traffic stop, appellant nearly hit the trooper with his car. The
trooper subsequently pulled appellant over for failing to yield the right-of-way to the
trooper's car. The trooper gave appellant field sobriety tests and an intoxilizer test
that showed that appellant had a blood alcohol level of .13.

 The State indicted appellant for the felony offense of driving while intoxicated
because he had two prior felony convictions. The State also alleged appellant "used
or exhibited" his vehicle as "a deadly weapon." Appellant pleaded guilty to the
offense and true to the prior felony convictions, but "not true" to the deadly weapon
enhancement. Because appellant pleaded guilty to the offense, the only matters
before the jury were whether the car was a deadly weapon and the amount of
punishment to be assessed for the offense.


 During its argument to the jury regarding punishment, the State said,

 

 You know, of course, he doesn't want that deadly weapon, because he
wants to get out as soon as he can. But woe be unto us when he does. 
Look at that [criminal history]. Chance after chance after chance. And
let me tell you, when he gets out, based on this, he's going to be right
back in here somewhere.


In reply to this argument, appellant stated, "Judge, I'm going to object. That's
improper argument." The court overruled appellant, and appellant made no further
comments regarding the State's argument. The jury's verdict determined appellant
had not used his vehicle as a deadly weapon and assessed his punishment. 

State's Closing Argument

 Appellant contends the State's closing argument at the punishment phase of
trial improperly inflamed the passions of the jury. 

 A. Applicable Law

 To preserve an issue for appeal, a timely objection must be made that states the
specific ground for the objection, if the specific ground is not apparent from the
context. See Tex. R. App. P. 33.1; Buchanan v. State, 207 S.W.3d 772, 775 (Tex.
Crim. App. 2006). A general or imprecise objection may be sufficient to preserve
error for appeal, but only if the legal basis for the objection is obvious to the court
and to opposing counsel. Buchanan, 207 S.W.3d at 775. 

 Ordinarily, an objection to "improper argument" is too general to preserve
error. See Hougham v. State, 659 S.W.2d 410, 414 (Tex. Crim. App. 1983) (holding
appellant's objection, "[w]e will object to this line of argument," too general to
apprise trial court of ground for his objection regarding complaint about prosecutor's
jury argument); Davila v. State, 952 S.W.2d 872, 878 (Tex. App.--Corpus Christi
1997, pet. ref'd) (noting that ordinarily "improper argument" objection is general
objection to prosecutor's jury argument); Huggins v. State, 795 S.W.2d 909, 912
(Tex. App.--Beaumont 1990, pet. ref'd) (holding error not preserved where
appellant's objection of "improper" was too general to apprise court of ground for
objection; court noted, "The rule has been firmly established that general objection
such as improper and impermissible when leveled against the prosecutor's jury
arguments simply fail[ ] to present a viable point for appellate review."); Lowe v.
State, 676 S.W.2d 658, 662 (Tex. App.--Houston [1st Dist.] 1984, pet. ref'd)
(holding appellant failed to preserve error where his objection, "I object to this type
of argument," was too general). 

 A general objection, however, can be sufficient to preserve error when the
record shows the trial court understood the nature of the objection such as, for
example, when the trial court denies a motion for mistrial or specifically instructs the
jury concerning the same matter raised in the appeal. See, e.g., Everett v. State, 707
S.W.2d 638, 641 (Tex. Crim. App. 1986) (holding objection on grounds that an
argument was "improper" sufficiently preserved error based on prosecutor's
argument, coupled with defense counsel's objection, which informed the court of the
type of error, and trial court admonished prosecutor after overruling defense counsel's
objection); Davila, 952 S.W.2d at 878 (holding "improper argument" objection was
general, but error preserved because court admonished prosecutor before denying
mistrial); Martinez v. State, 833 S.W.2d 188, 192 (Tex. App.--Dallas 1992, pet.
ref'd) (holding "improper and inflammatory" objection to jury argument was general
but sufficient to preserve error under circumstances because trial judge and
prosecutor were aware of substance of objection as court instructed jury to remember
testimony as they heard it). 

 B. Analysis 

 Appellant's objection that the prosecutor was making an "improper argument"
is insufficient to preserve error in this case because it is a general objection and the
trial court made no statements that would indicate it understood the nature of the
objection. We hold appellant waived any purported error in this case. See Everett,
707 S.W.2d at 641; Davila, 952 S.W.2d at 878; Martinez, 833 S.W.2d at 192;
Huggins, 795 S.W.2d at 912.

 We also note, however, that had he sufficiently preserved error, appellant's
argument would be properly overruled because the State's argument was a plea for
law enforcement. An argument such as "chance after chance" shows that the State
was simply asking the jury to assess a longer sentence than it otherwise would
because appellant had not responded to previous sentences and a longer sentence was
needed to protect society from appellant. See, e.g., Pittman v. State, 9 S.W.3d 432,
434 (Tex. App.--Houston [14th Dist.] 1999, no pet.) (finding in DWI trial,
prosecutor's multiple statements that jury should sentence defendant to 20 years
because defendant would drive drunk again and kill someone were proper pleas for
law enforcement); Long v. State, 820 S.W.2d 888, 894-95 (Tex. App.--Houston [1st
Dist.] 1991, pet. ref'd) (prosecutor's plea that jury incarcerate accused for extended
time to prevent appellant from doing same thing again was proper plea for law
enforcement).

 We overrule appellant's sole point of error.


Conclusion

 We affirm the judgment of the trial court.


 


 Elsa Alcala

 Justice


Panel consists of Justices Keyes, Alcala, and Hanks.

Publish. Tex. R. App. P. 47.2(b).

 


1. The First Court of Appeals received this case by transfer order from Texas Supreme Court.