**Daniel Lamonte HOLIFIELD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 09–89–276 CR, 09–89–277 CR.**

Court of Appeals of Texas,
Beaumont.

May 26, 1993.

---

Steve Hebert, Steve Hebert and Associates, Baytown, for appellant.

Michael R. Little, Dist. Atty., Liberty Steve Greene, Asst. Dist. Atty., Liberty, for State.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION ON REMAND

WALKER, Chief Justice.

Based on two separate indictments alleging facts arising out of a single incident, appellant was convicted by a jury of two charges of Attempted Murder and sentenced to ten (10) years' confinement in the Institutional Division of the Texas Department of Criminal Justice, the sentences to run concurrently. Both convictions were affirmed by this Court in *Holifield v. State*, 827 S.W.2d 623 (Tex.App.—Beaumont 1992). Appellant's petition for discretionary review was timely filed with the Court of Criminal Appeals. In an opinion delivered December 23, 1992, the Court of Criminal Appeals granted appellant's petition, vacated our judgment, and remanded the causes for "reconsideration in light of our decision in *Grunsfeld.*" [2] *See Holifield v. State*, 843 S.W.2d 572 (Tex.Crim. App.1992).

We note at the outset that although appellant was duly notified by the clerk of this Court that additional briefs would be permitted for our consideration on remand, none has been received from appellant. The State has submitted a revised brief.

Appellant's complaint on original submission, that now becomes the subject of our reconsideration on remand, centered on testimony introduced during the State's case-in-chief at the punishment phase of appellant's trial. We quote from our original opinion which highlighted the testimony in controversy:

> During its punishment case-in-chief, the
> State recalled Linda Roberts to the

stand, and immediately followed with testimony from Ms. Roberts' daughter, Misty McGee. The essence of the Roberts/McGee testimony was that about one year earlier when appellant and Ms. Roberts were friends, Ms. Roberts let appellant supervise Misty's horseback riding activities. On one particular day, Ms. Roberts had specifically instructed appellant to allow Misty to ride "Mikey," a very gentle horse that Misty had ridden before, but not "Barney" a horse that had been ridden infrequently. Instead, appellant put Misty on "Barney" and, after a bit of trouble, Misty asked to get off the horse. Before Misty could dismount, appellant struck the horse with a long switch. The horse bolted and Misty fell off striking a tree. Misty suffered a broken pelvis, was hospitalized three days, and on crutches for five months.

*Holifield, supra* 827 S.W.2d at 625.

Our original opinion decided the issue solely on the basis of our interpretation of TEX.CODE CRIM.PROC.ANN. art. 37.07, § 3(a) (Vernon Supp.1992) as discussed in our decision in *Huggins v. State*, 795 S.W.2d 909, 911 (Tex.App.—Beaumont 1990, pet. ref'd). Our conclusion in *Huggins*, that certain language in Article 37.07, § 3(a) [3] was legally equivalent to similar language in TEX. CODE CRIM.PROC.ANN. art. 37.071, § 2(a) (Vernon Supp.1992), was entirely rejected by the Court of Criminal Appeals. *Grunsfeld, supra* 843 S.W.2d at 523.

After again considering the entire record before us, we find it unnecessary to reassess appellant's complaint on the basis of the provisions contained in Article 37.07, § 3(a). We reach this conclusion based upon testimony elicited by appellant from Linda Roberts during the guilt/innocence phase of the trial. Ms. Roberts had previously testified for the State and had impeached the testimony of a key defense witness. *See Holifield, supra* 827 S.W.2d at 624. On cross-examination of Ms. Rob-

---

**2.** *See Grunsfeld v. State*, 843 S.W.2d 521 (Tex. Crim.App.1992).

**3.** ... evidence may, as permitted by the Rules of Evidence, be offered by the state and the defendant as to any matter the court deems relevant to sentencing, ....

erts by appellant's counsel, the following occurred:

*BY MR. BROWN* (for appellant):

Q. Do you know Lamonte Daniel Holifield (sic)?

A. (Ms. Roberts) Yes, I do.

Q. You knew him before you testified in this courtroom?

A. Yes, I do—did.

MR. BROWN: May I have one brief moment?

THE COURT: Yes.

(SHORT PAUSE)

Q. (By Mr. Brown) Have you ever attempted to recover damages from Lamonte Daniel Holifield (sic) for your daughter falling off of a horse while she was in his care?

A. I do have an attorney on it, if that is what you are asking.

Q. And you are suing Daniel Lamonte Holifield, are you not?

A. I really don't know yet.

Q. I am sorry?

A. I don't really know yet whether I am suing Lamonte or if I am suing his grandparents.

Q. Okay. But you will either be suing his grandparents or Lamonte himself, is that correct?

A. Yes. Yes. He is responsible.

Q. That's your opinion, is that right?

A. No, sir, that's fact.

Q. Your opinion is rather positive, is it not? And you don't like Lamonte Daniel Holifield (sic), do you?

A. Oh, I did.

Q. You don't like him now, do you?

A. No.

Q. You would do anything to see that he goes to the penitentiary, wouldn't you?

A. You would like to think that, wouldn't you?

Q. Ma'am, I have asked you a question.

MR. BROWN: Judge, I would ask that the witness be instructed to answer the question.

THE COURT: Just only answer the question, ma'am.

Q. (By Mr. Brown) And you would like to see him go to the—

A. No, sir, I sure wouldn't.

MR. BROWN: Judge, could you ask the witness to please wait until I finish the question before she answers it.

MR. GREENE: She has already answered the question you have already asked.

MR. BROWN: Over the top of me, Your Honor. I was rephrasing the question.

Q. (sic) (By the witness) Excuse me.

A. (sic) You would like nothing more— you would like nothing more than to see Lamonte Holifield go to prison, is that not correct?

Q. (sic) No, sir, that is not correct.

MR. BROWN: Pass the witness, Your Honor.

▮▮ When a defendant offers the same testimony as that objected to, or the same evidence is introduced from another source, without objection, the defendant is not in position to complain on appeal. *Harris v. State*, 784 S.W.2d 5, 15 (Tex.Crim. App.1989), *cert. denied*, 494 U.S. 1090, 110 S.Ct. 1837, 108 L.Ed.2d 966 (1990); *Womble v. State*, 618 S.W.2d 59, 62 (Tex.Crim.App. 1981). This Court has held that any objection to improper admission of evidence is waived by admission without objection of substantially the same facts. *Cartwright v. State*, 807 S.W.2d 654, 656 (Tex.App.— Beaumont 1991), *aff'd*, 833 S.W.2d 134 (Tex.Crim.App.1992). We find that in cross-examining Ms. Roberts about the incident, appellant elicited essentially the same ultimate facts as contained in the Roberts/McGee testimony complained of, i.e., that appellant was solely responsible for her daughter's injuries from falling off the horse. As such, appellant will not be heard now to complain of the admissibility of the subsequent rendition of events by Ms. Roberts and Ms. McGee.

▮▮ Another area of the law applicable to our analysis of the instant case centers on TEX.R.CRIM.EVID. 107, the "Rule of Optional Completeness." Rule 107 provides, in pertinent part:

**578**

When part of an act, declaration, conversation, writing or recorded statement is given in evidence by one party, the whole on the same subject may be inquired into by the other, as when a letter is read, all letters on the same subject between the same parties may be given.

Furthermore, under the optional completeness rule, evidence which is used to fully explain a matter opened up by the other party need not be ordinarily admissible. *Parr v. State*, 557 S.W.2d 99, 102 (Tex. Crim.App.1977); *Hood v. State*, 828 S.W.2d 87, 89–90 (Tex.App.—Austin 1992, no pet.); *Callaway v. State*, 818 S.W.2d 816, 827 (Tex.App.—Amarillo 1991, pet. ref'd). In the instant case, while it was entirely proper for appellant to attempt to show bias or interest on Ms. Roberts' part for testifying adversely to appellant, Rule 107 permitted the State to place appellant's inquiry concerning Ms. Roberts' civil lawsuit in full context for the jury.

For the reasons set out in our discussion above, we find that the introduction of the Roberts/McGee testimony was proper and that appellant's fourth and sixth points of error raised in the original appeal to this Court are overruled. Having decided the issue brought about by the remand from the Court of Criminal Appeals adversely to appellant, we again affirm the judgments and sentences of the trial court.

AFFIRMED.

BURGESS, Justice, concurring.

I concur in the result. I write only to clarify my previous position, *Holifield*, 827 S.W.2d at 626. In that dissent, I urged error and then could not, beyond a reasonable doubt, find harmless error.

Obviously the situation has changed. Now the court has found no error because of alternate grounds of admissibility. Had the majority reached this conclusion originally, this remand would not have been required. Consequently, I concur.