No. 04-98-00959-CR



Richard HERNANDEZ,


Appellant


v.



The STATE of Texas,


Appellee



From the 290th Judicial District Court, Bexar County, Texas


Trial Court No. 96CR2730


Honorable Sharon MacRae, Judge Presiding



Opinion by: Phil Hardberger, Chief Justice


Sitting: Phil Hardberger, Chief Justice

 Alma L. López, Justice

 Paul W. Green, Justice



Delivered and Filed: June 23, 1999


AFFIRMED


 Richard Hernandez ("Hernandez") appeals his conviction for aggravated assault with a
deadly weapon. Hernandez presents three issues in his brief contending that: (1) the trial court erred
in allowing the complaining witness to be present in the courtroom during the State's opening
argument; (2) the trial court erred in allowing the prosecutor to read a portion of a witness's
statement into evidence; and (3) the evidence was legally insufficient to support the deadly weapon
finding. We overrule Hernandez's contentions and affirm the trial court's judgment.

Factual and Procedural History


 On December 8, 1995, the complaining witness, Abel Torres, was drinking heavily at a bar.
When Lori Berry, the manager of the bar who had dated Torres on at least one occasion, arrived at
the bar, Torres began insulting Hernandez. Hernandez and Berry were then dating. A waitress at
the bar, Diana Harshaw, testified that Berry unsuccessfully attempted to contact Torres's family to
take him home.

 Around 1:45 a.m., Berry escorted Torres to his truck. Harshaw testified that before leaving
the bar, Berry instructed her to lock the side door and instructed another waitress to chain the front
door. After Berry and Torres exited the bar, Hernandez demanded that Harshaw open the side door,
threatening her with a handgun. Harshaw testified that earlier in the evening Hernandez told her that
he was going to shoot Torres. After Hernandez left the bar, Harshaw heard numerous gunshots.
Torres testified that Hernandez shot him numerous times in his right arm and leg. Torres was left
disabled as a result of his injuries.

 The investigating detective testified that she located thirteen bullet holes in Torres's vehicle
and windshield. She also discovered thirteen spent casings and three rounds or round fragments
around the vehicle, and two additional spent rounds in Torres's clothing. She identified the bullets
as nine millimeter, which would be fired from a handgun. Richard Stengel also testified as a
firearms and tool marks examiner. He testified that the bullets came from the same gun and the
casings came from the same gun; however, he could not say that the bullets and casings were at one
time matched together and were one cartridge because he did not have the gun to examine.

 A jury found Hernandez guilty of aggravated assault with a deadly weapon. Hernandez
withdrew his request that the jury assess punishment, and the trial court assessed punishment at
twenty years confinement.

Exclusion of Witnesses


 In his first point of error, Hernandez complains that the trial court erred in refusing to
exclude the complaining witness from the courtroom during the prosecutor's opening statement. The
State responds that the rule requiring the exclusion of witnesses at the request of a party has no
application prior to the introduction of testimony. We agree with the State.

 At the request of a party, rule 613 of the Texas Rules of Criminal Evidence(1) requires the trial
court to order witnesses excluded so that they cannot hear the testimony of other witnesses. White
v. State, 958 S.W.2d 460, 462 (Tex. App.--Waco 1997, no pet.) (quoting rule 613). The purpose
of the rule is to prevent the testimony of one witness from influencing the testimony of another. Ex
parte Robertson, 731 S.W.2d 564, 566 (Tex. Crim. App. 1987). The rule has no application to the
exclusion of witnesses during voir dire and before any testimony of the trial has begun. See Creel
v. State, 493 S.W.2d 814, 820 (Tex. Crim. App. 1973); Price v. State, 626 S.W.2d 833, 834 (Tex.
App.--Corpus Christi 1981, no pet.).

 Just as the rule has no application to voir dire, it also does not apply to opening argument.
The rule only requires witnesses to be excluded from hearing the testimony of other witnesses, not
the argument of counsel. Our conclusion that the rule does not apply to opening argument is
supported by the express language of the rule and its stated purpose. Our conclusion is also
supported by the fact that the rule does not prevent counsel from discussing the case with a witness
who has been placed under the rule, so long as that discussion occurs outside the presence of other
witnesses. See Archer v. State, 703 S.W.2d 664, 666 n.1 (Tex. Crim. App. 1986); Clayton v. State,
652 S.W.2d 950, 953 (Tex. Crim. App. 1983). Since the trial court was not required to exclude the
complaining witness from the courtroom during opening argument, the trial court did not err in
overruling Hernandez's objection. Hernandez's first issue is overruled.

Reading Statement Into Evidence


 In his second issue, Hernandez asserts that the trial court erred in allowing the prosecutor to
read a portion of Harshaw's statement into evidence. The portion that was read into evidence related
to statements made by Hernandez to Harshaw between the shooting and the date her statement was
taken. The prosecutor first asked whether Harshaw recalled what Hernandez had said. When
Harshaw stated that she could not remember, the prosecutor asked her to review her statement and
tell him whether the statement refreshed her memory. Harshaw stated that she did not remember the
conversation. The prosecutor elicited testimony that although Harshaw did not remember the
conversation at the time of trial, her statement was given two months after the shooting when she
could probably remember things better and that she did not lie to the officer taking the statement.
The prosecutor then requested that he be allowed to read a portion of the statement as a recorded
recollection under rule 803(5). Defense counsel objected to the admissibility of the testimony as
improper impeachment.(2)

 In his brief, defense counsel argues that the statement was not admissible because the State
failed to meet its burden under rule 803(5); however, this argument does not comport with defense
counsel's objection at trial, which was improper impeachment. At the time of trial, the admissibility
or nonadmissibility of hearsay was controlled by rules 801 through 806 of the Texas Rules of
Criminal Evidence, while an entirely separate portion of the rules (601-615) dealt with impeachment.
Holifield v. State, 827 S.W.2d 623, 624 (Tex. App.--Beaumont 1992), rev'd and remanded on other
grounds, 843 S.W.2d 572 (Tex. Crim. App. 1992). If testimony is offered for the limited purpose
of impeachment, it does not constitute hearsay because it is not offered for the truth of the matter
asserted; therefore, the State would not be required to prove the rule 803 hearsay exception. See
Rosales v. State, 932 S.W.2d 530, 537 (Tex. App.--Tyler 1995, pet. ref'd); Sandow v. State, 787
S.W.2d 588, 595 (Tex. App.--Austin 1990, pet ref'd). Because Hernandez's objection at trial does
not comport with his complaint on appeal, he has preserved nothing for our review. Thomas v. State,
723 S.W.2d 696, 700 (Tex. Crim. App. 1986); Sandow, 787 S.W.2d at 596. Hernandez's second
issue is overruled.


Sufficiency of the Evidence


 In his final issue, Hernandez asserts that the evidence was legally insufficient to support the
deadly weapon finding. In reviewing the legal sufficiency challenge, we view the evidence in the
light most favorable to the prosecution to determine whether any rational trier of fact could have
found the challenged finding beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 308 (1979);
Whitaker v. State, 977 S.W.2d 595, 598 (Tex. Crim. App. 1998), cert. denied, 119 S. Ct. 878 (1999).
The trier of fact is the exclusive judge of the credibility of the witnesses and the weight to be given
their testimony. Whitaker, 977 S.W.2d at 598.

 Viewing the evidence in the light most favorable to the prosecution, Harshaw testified that
Hernandez pointed a handgun in her face and demanded that she open the door. Torres testified that
Hernandez was shooting at him with a handgun. The investigating officer testified that the shell
casings she found were fired from a handgun, and the firearms and tool mark examiner testified that
the shell casings and bullets were fired from a semi-automatic pistol. From this evidence, the jury
could reasonable infer that Hernandez used a handgun in the commission of the offense and that the
handgun was a firearm. Pizzini v. State, 981 S.W.2d 367, 368-69 (Tex. App.--San Antonio 1998.
pet. ref'd); Benavides v. State, 763 S.W.2d 587, 588 (Tex. App.--Corpus Christi 1988, pet. ref'd).
Hernandez's third issue is overruled.

Conclusion


 The judgment of the trial court is affirmed.

 PHIL HARDBERGER,

 CHIEF JUSTICE


DO NOT PUBLISH


1. The Texas Rules of Criminal Evidence were in effect at the time of trial.
2. Defense counsel stated: "Judge, I think it [is] improper impeachment to allow such testimony. She hasn't
denied the fact that the statement was made. She simply says that she cannot recall making that statement, so we would
object."