Ronald Alan RAMEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 55682.

Court of Criminal Appeals of Texas, Panel No. 2.

Dec. 6, 1978.

Rehearing En Banc Denied Jan. 31, 1979.

Donald W. Rogers, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., Alvin M. Titus and Jack C. Frels, Asst. Dist. Attys., Houston, for the State.

Before ODOM, PHILLIPS and DALLY, JJ.

## OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for the offense of aggravated robbery. The trial was conducted before a jury which found the appellant guilty of the offense charged and thereafter assessed the appellant's punishment at 50 years' confinement in the Texas Department of Corrections.

Since the appellant does not challenge the sufficiency of the evidence, only a brief recitation of the facts is warranted. On New Years Day of 1975, Mrs. Bernice Taul was present in her home along with her granddaughter, Tracy Taul, Mary Bohn, a friend, and Marilyn Compton. The record reveals that as Mrs. Taul was preparing dinner three robbers forcibly entered her home with guns and demanded that the ladies give the robbers their jewelry. The robbery victims were then herded into a closet where they were ordered to remain silent. The appellant was identified as one of the robbers in court as well as in a lineup.

Appellant's first ground of error alleges that the trial court erred at the punishment stage of the trial by allowing State's Exhibit No. 5, the entire file of the Harris County Adult Probation Department, into evidence over appellant's objection inasmuch as said file contained the details of appellant's prior conviction for possession of marihuana in the State of Florida as well as evidence of appellant's arrest record and other extraneous offenses. We agree.

At the punishment hearing the State sought to prove that the appellant was on five years' probation in the State of Florida for the felony possession of marihuana through the testimony of Robert Thomas Henry, the Interstate Compact Probation Officer of Harris County, Texas. At that time the State offered State's Exhibit 5, the entire file of the Harris County Probation Department, into evidence. A hearing was then held outside the jury's presence wherein appellant objected to the file and moved to suppress it on the grounds of hearsay and the fact that appellant's arrest record appeared therein. The pertinent parts of the Probation Department's file with information regarding appellant that were introduced into evidence are as follows:

(1) A letter dated March 12, 1975, from M. Ron Spenny, a probation officer in Florida, to Michael Roberts, another Florida probation officer, advising that the appellant was placed on probation January 10, 1975, for possession of 75 pounds of marihuana.

(2) A presentence investigation by the Florida Parole and Probation Commission outlining the facts that Officers Kelly and Crowley searched the appellant's bedroom and found 75 pounds of marihuana. The report also mentioned the following charges attributed to appellant: 1970 possession of firearms; 1970 felony theft; 1972 possession of heroin; and 1974 misdemeanor theft.

(3) A letter from Bob Henry, probation officer in Houston, to Ron Spenny, dated September 30, 1975, outlining the fact that the appellant was presently charged with capital murder, three counts of armed robbery, and misdemeanor disorderly conduct. Also, the letter mentioned that the district attorney was going to proceed to trial in each case rather than work a deal because in his opinion the appellant "is just plain sorry."

(4) A Case Review Sheet of the Texas Board of Pardons and Paroles reflecting one juvenile arrest and seven adult arrests, including a juvenile arrest for wrecking his father's car and adult arrests for: pistol, possession of stolen motorcycle—dismissed; possession of heroin—dismissed; felony malicious mischief—dismissed; burglary and theft—dismissed; attempted murder—dismissed; armed robbery; capital murder—pending; armed robbery (3 counts)—pending; disorderly conduct—pending.

After a hearing outside the presence of the jury, the court overruled all the appellant's objections to State's Exhibit No. 5 and allowed it to be introduced in its entirety before the jury. That this was harmful to the appellant is evidenced by the fact that the jury gave appellant a 50-year sentence.

Article 37.07, V.A.C.C.P., as amended in 1967, reads, in part, as follows:

"Sec. 3. Evidence of prior criminal record in all criminal cases after a finding of guilty.

(a) Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to the prior criminal record of the defendant, his general reputation and his character. The term prior criminal record means a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged."

Article 37.07, supra, limits the "prior criminal record" to *final convictions* or probated *sentences*. The statute does not permit the State to show the details of the offenses resulting in such convictions, or extraneous offenses, not resulting in final convictions. The admission of the entire probation report in question violated the Legislature's mandate in two respects. First, it included details of the possession of marihuana conviction in Florida. Second, it lists in several different places eight extraneous offenses alleged to have been committed by the appellant, *none* of which resulted in a final conviction and three of which, capital murder, armed robbery, and disorderly conduct, were pending at the time of trial. The introduction of such evidence was prejudicial to the appellant and calls for reversal. *Sherman v. State,* Tex.Cr.App., 537 S.W.2d 262; *Lege v. State,* Tex.Cr.App., 501 S.W.2d 880; *Mullins v. State,* Tex.Cr.App., 492 S.W.2d 277. In light of our disposition of this case, a review of appellant's other grounds of error is not warranted.

The judgment is reversed and the cause remanded.

DALLY, J., concurs in the result.