Lombrano 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-93-00503-CR


NO. 03-93-00504-CR







Leroy Garcia Lombrano, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF MCCULLOUGH COUNTY, 198TH JUDICIAL DISTRICT

NOS. 4084, 4084-A, HONORABLE EMIL KARL PROHL, JUDGE PRESIDING






 This is an appeal from appellant Leroy Garcia Lombrano's conviction for delivery
of methamphetamine in Cause No. 4084 and delivery of marijuana in Cause No. 4084-A. 
Lombrano pleaded guilty to both offenses. Pursuant to his guilty plea, the jury returned guilty
verdicts and assessed punishment at forty-five years' imprisonment and a $10,000 fine in Cause
No. 4084 and forty-five years' imprisonment in Cause No. 4084-A. Lombrano appeals by four
points of error. We will affirm the trial court's judgment of conviction.



BACKGROUND


 Lombrano was convicted of delivery of methamphetamine under an indictment
enhanced by one prior felony in Cause No. 4084. At trial, the indictment in Cause No. 4084 was
consolidated with Cause No. 4084-A, in which Lombrano was charged with delivery of marijuana
in an amount in excess of one-fourth ounce but less than five pounds by an indictment enhanced
by two prior felonies. The cases were tried in a bifurcated trial. See Tex. Code Crim. Proc.
Ann. art. 37.07 (West 1981 & Supp. 1995). During the guilt-innocence stage, Lombrano entered
a plea of guilty in both causes. The trial court admonished him on the consequences of the guilty
plea and advised him of the unenhanced range of punishment in both cases--five to ninety-nine
years, or life, and a $10,000 fine in Cause No. 4084 and two to ten years and a $10,000 fine in
Cause No. 4084-A. Upon accepting Lombrano's guilty plea, the trial court instructed the
prosecutor to read the enhancement paragraphs in both cases to Lombrano, and Lombrano entered
a plea of true to both enhancement paragraphs.

 After the parties presented their cases on guilt-innocence, the court charged the
jury, instructing them to return guilty verdicts in both cases. The jury returned a guilty verdict
in both cases, and the trial proceeded to the punishment phase. In its charge on punishment, the
trial court instructed the jury on the enhanced range of punishment for both cases--fifteen to ninety-nine years and a $10,000 fine in Cause No. 4084 and twenty-five to ninety-nine years in Cause
No. 4084-A. The jury returned verdicts on punishment of forty-five years' imprisonment in both
cases and a $10,000 fine in Cause No. 4084.



DISCUSSION


A.  Instructions on Range of Punishment

 In his first point of error, Lombrano complains that the trial court committed
reversible error during the punishment phase of the trial by improperly instructing the jury on the
range of punishment in its charge. The charge in both causes instructed the jury that Lombrano
had pleaded true to the enhancement paragraphs in the indictments and accordingly instructed the
jury of the enhanced range of punishment for both offenses. The trial court did not err in
submitting this charge to the jury because a plea of true to an enhancement paragraph removes the
enhancement issue from the jury, and the enhanced punishment is mandatory. Washington v.
State, 677 S.W.2d 524, 527 (Tex. Crim. App. 1984); Harvey v. State, 611 S.W.2d 108, 111
(Tex. Crim. App.), cert. denied, 454 U.S. 840 (1981); Zaragosa v. State, 516 S.W.2d 685, 686
(Tex. Crim. App. 1974); Thomas v. State, 849 S.W.2d 405, 406 (Tex. App.--Fort Worth 1993,
no pet.). The trial court may thus charge the jury as if the primary offense carried the increased
punishment.

 Lombrano argues that Article 36.01 of the Texas Code of Criminal Procedure
requires the indictment to be read at the penalty stage of a bifurcated trial, not at the guilt-innocence phase. Tex. Code Crim. Proc. Ann. art. 36.01 (West Supp. 1995); see also Warren
v. State, 693 S.W.2d 414, 415 (Tex. Crim. App. 1985). During the trial of the instant causes,
the trial court instructed the prosecutor to read the enhancement paragraphs during the guilt-innocence stage of the trial. Lombrano cites Frausto v. State, 642 S.W.2d 506, 507 (Tex. Crim.
App. 1982), for the proposition that permitting the prosecutor to read the enhancement paragraphs
to the jury prior to the commencement of the punishment phase of the trial constitutes reversible
error. According to Lombrano, because the reading of the enhancement paragraphs prior to the
commencement of the State's case-in-chief on guilt-innocence was squarely in violation of Article
36.01's mandate, the State is barred from arguing that his plea of true (1) waives the requirement
that the State prove its enhancement allegations.

 Lombrano made no objection to the court's charge on the range of punishment in
the trial court. Article 36.19 of the Code of Criminal Procedure contains the standards for both
fundamental error and ordinary reversible error. Tex. Code Crim. Proc. Ann. art. 36.19 (West
1981). An error that has been properly preserved by objection requires reversal unless the error
is harmless. On the other hand, if no proper objection was made at trial and the defendant must
claim that the error was "fundamental," the judgment will be reversed only if the error is so
egregious and created such harm that the defendant "has not had a fair and impartial trial," i.e.,
"egregious harm." In both situations the actual degree of harm must be assayed in light of the
entire jury charge, the state of the evidence, including the contested issues and weight of the
probative evidence, the argument of counsel, and any other relevant information revealed by the
record of the trial as a whole. Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). 
In Cartwright v. State, 833 S.W.2d 134 (Tex. Crim. App. 1992), the Court of Criminal Appeals
adopted the Almanza standard of review in cases where the jury was charged on a penalty range
more severe than that authorized by law. Id. at 136-37.

 In the instant causes, the jury was not instructed on a penalty range more severe
than that authorized by law. We reject Lombrano's invitation to hold that a plea of true obtained
in violation of Article 36.01 should be regarded as a "nullity." Lombrano confuses two distinct
rules: (1) because a plea of true to an enhancement paragraph resolves the enhancement issue,
the enhanced punishment is mandatory; and (2) reading the enhancement paragraph to the jury
before the punishment phase violates Article 36.01. Applying the first rule, we hold that the
enhanced sentences contained in the charge were mandatory because Lombrano entered a plea of
true to the enhancement paragraphs.

 Applying the second rule, we conclude that the trial court's violation of Article
36.01 did not cause egregious harm. The purpose behind Article 36.01 and the Court of Criminal
Appeal's holding in Frausto is prevention of "the extreme prejudice which would almost
inevitably result" if the jurors heard the enhancement paragraphs before the punishment phase of
the trial, thereby jeopardizing the presumption of the defendant's innocence. Frausto, 642
S.W.2d at 508-09 (emphasis added). In the instant appeal, Lombrano does not contend that the
State's violation of Article 36.01 jeopardized the presumption of innocence. In fact, this would
be an untenable argument given the fact that Lombrano pleaded guilty to both offenses prior to
the commencement of the guilt-innocence stage and the reading of the indictment. Therefore, the
rationale underlying Article 36.01 and Frausto is inapplicable in the instant appeal, and the
violation of Article 36.01 did not constitute harm so egregious as to deprive Lombrano of a fair
and impartial trial. We accordingly overrule Lombrano's first point of error.



B.  Prosecutor's Closing Argument

 In his second point of error, Lombrano contends that the State committed
fundamental error in closing argument during the punishment phase by: (1) misstating the range
of punishment; (2) misstating the trial court's instructions on parole law and good conduct time;
(3) arguing details of his prior convictions to obtain longer sentences; and (4) injecting new and
harmful facts and inviting speculation. With regard to the first issue, our disposition of
Lombrano's first point of error disposes of his argument that the prosecutor misstated the range
of punishment. The enhanced range of punishment was mandatory; therefore, the prosecutor did
not misstate the range of punishment.

 The scope of proper jury argument includes: (1) summation of the evidence; (2)
any reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4)
pleas for law enforcement. Whiting v. State, 797 S.W.2d 45, 48 (Tex. Crim. App. 1990). 
Lombrano failed to object to the prosecutor's closing argument; therefore, he must establish
fundamental error resulting in egregious harm that deprived him of a fair and impartial trial in
order for this Court to sustain the remaining portions of his second point of error. Lombrano
complains that the prosecution misstated the trial court's instructions on parole and good conduct
time. However, our review of the statement of facts reveals that the prosecutor merely
paraphrased the court's charge. The court charged the jury that it could "consider the existence
of the parole law and good conduct time." The prosecutor instructed the jury that they could keep
parole and good conduct time "in the back of your mind" but that they could not "put a pencil to
it and try to figure anything out." Such argument does not constitute error. See id. (noting that
it is not error for State to paraphrase jury charge).

 Lombrano asserts that he was harmed because the prosecutor discussed the actual
time he had served on his previous sentences. According to Lombrano, the prosecutor's argument
invited the jury to compare the time served under the prior convictions and figure out the effect
of the parole law in the instant causes. He cites Clark v. State, 643 S.W.2d 723 (Tex. Crim.
App. 1982), in support of his argument. In Clark, the court held that the prosecutor committed
reversible error when he invited the jurors to look at records of prior offenses to determine how
long it would take for the defendant to be released on parole. Id. at 724-25. However, in Clark,
the appellant preserved error by objecting to the prosecutor's argument. (2) In contrast, Lombrano's
trial counsel failed to object to the prosecutor's argument; thus, we must determine whether the
argument resulted in egregious harm. Viewing the record as a whole, we have determined that
the error was not so egregious as to deprive Lombrano of a fair and impartial trial. Almanza, 686
S.W.2d at 171.

 Lombrano also claims that the prosecutor committed reversible error by arguing
details of his prior convictions in order to obtain longer sentences in the instant causes. He cites
Ramey v. State, 575 S.W.2d 535 (Tex. Crim. App. 1978), in asserting that it is improper for the
State to introduce details of a prior offense though the State may prove the historical fact of a
prior conviction. Id. at 537. Lombrano specifically complains that the prosecutor referred to him
as a "three time dope dealer" and discussed his prior convictions for assault and theft. According
to Lombrano, the reference to him as a "three time dope dealer" asked the jury to consider its
finding of guilt in one of the consolidated cases as a basis for increasing the punishment in the
other consolidated case in violation of Article 37.07(3)(a). Tex. Code Crim. Proc. Ann. art.
37.07(3)(a) (West Supp. 1995). Lombrano also contends that the reference improperly invoked
his 1988 conviction for delivery of a controlled substance. However, Lombrano pleaded guilty
to both of the consolidated offenses and entered a plea of true to the enhancement paragraphs of
the indictment. Moreover, the State admitted evidence of the earlier delivery conviction without
objection, and Lombrano testified at trial concerning his 1988 conviction for delivery of a
controlled substance as well as his convictions for assault on a peace officer and the two car thefts. 
The prosecutor acted within the scope of closing argument in summarizing the evidence, and
Lombrano suffered no egregious harm.

 Finally, Lombrano contends that the prosecutor committed fundamental error in
injecting new and harmful facts during closing argument. Injection of new and harmful facts that
cannot be cured by objection constitutes fundamental error. Jackson v. State, 529 S.W.2d 544,
546 (Tex. Crim. App. 1975) ("The prosecutor cannot use closing argument to get evidence before
the jury which is outside the record and prejudicial to the accused."). However, the prosecutor
can argue any reasonable inference from the record, respond to the argument of opposing counsel,
and request law enforcement. Whiting, 797 S.W.2d at 48. Lombrano complains about the
prosecutor's argument relating to his drug suppliers and his refusal to reveal their names. 
Lombrano testified that it would jeopardize his life to answer the questions. A reasonable
inference can be drawn from this testimony: Lombrano's drug suppliers would kill him if he
testified, so he is protecting them. The prosecutor requested law enforcement when he asked the
jury to punish Lombrano for protecting his suppliers. As the prosecutor stated, "[I]t's people like
Leroy Lombrano that insulate those people . . . . If it wasn't for the middleman, and the men on
the bottom, we might catch the big guys."

 Lombrano also complains of the prosecutor's argument that Lombrano's prior
convictions were never enhanced and that he would commit over twenty felonies by the time he
retired if he continued at his present pace. Lombrano's prior convictions were properly admitted
into evidence, and the prosecutor's argument drew the reasonable inference from this evidence
that Lombrano had not mended his ways despite favorable treatment in the past and responded to
opposing counsel's argument that Lombrano had reformed. The prosecutor's argument also drew
a reasonable inference regarding Lombrano's future criminal record. Lombrano was thirty-five
at the time of sentencing and had committed three felonies in a five-year period. At a rate of three
to five, he could commit eighteen additional felonies by the time he was sixty-five (in thirty
years). Combined with the six felonies for which he had been convicted at the time of sentencing,
this amounts to twenty-four felonies. Furthermore, Lombrano complains that the prosecutor
characterized his answers on cross-examination as nonresponsive. However, the State's argument
that Lombrano was nonresponsive responded to opposing counsel's argument that Lombrano was
ready to take responsibility for his actions and reform.

 Finally, Lombrano asserts that the prosecution committed fundamental error in
drawing an analogy between drugs and cancer during oral argument. The State's argument falls
within an area of common knowledge--both cancer and drugs are brutal killers. Such an analogy
is an appropriate jury argument and falls within the prosecutor's right to appeal to the jury for law
enforcement. Carter v. State, 614 S.W.2d 821, 823 (Tex. Crim. App. 1981). Because Lombrano
failed to establish egregious harm resulting from the State's closing argument, we overrule his
second point of error.



C.  Defective Indictments

 Lombrano complains in his third point of error that the indictments in both causes
were defective. However, there was no objection to the indictments. Article 1.14 of the Texas
Code of Criminal Procedure provides:



If the defendant does not object to a defect, error, or irregularity of form or
substance in an indictment or information before the date on which the trial on the
merits commences, he waives and forfeits the right to object to the defect, error,
or irregularity and he may not raise the objection on appeal or in any other post
conviction proceeding.



Tex. Code Crim. Proc. Ann. art. 1.14 (West Supp. 1995). Because there was no objection, any
error is waived, and nothing is preserved for review. Studer v. State, 799 S.W.2d 263, 271 (Tex.
Crim. App. 1990). Additionally, Lombrano's guilty plea waived his right to complain about
pretrial matters on appeal. Polson v. State, 709 S.W.2d 751, 753 (Tex. App.--Austin 1986, pet.
ref'd). Lombrano's third point of error is overruled.



D.  Ineffective Assistance of Counsel

 In his fourth point of error, Lombrano argues that he was denied effective
assistance of counsel. Lombrano complains that he received ineffective assistance of counsel
because his trial counsel failed to object to the trial court's instruction on enhanced punishment,
the prosecutor's closing argument, and the indictment.

 Claims of ineffective assistance of counsel are reviewed under the standard
established in Strickland v. Washington, 466 U.S. 668 (1984). In Strickland, the Supreme Court
adopted a two-pronged analysis for determining whether counsel's assistance was so defective as
to require reversal of the conviction: (1) the defendant must show that trial counsel's performance
was so deficient that counsel failed to function as the "counsel" guaranteed by the Sixth
Amendment; and (2) the defendant must show that trial counsel's deficient performance prejudiced
his defense so as to deprive him of a fair trial. Id. at 687. Unless the defendant makes both
showings, it cannot be said that the conviction resulted from a breakdown in the adversary process
that renders the result unreliable. Id. The Strickland test was adopted by this State in Hernandez
v. State, 726 S.W.2d 53 (Tex. Crim. App. 1986). See also O'Hara v. State, 837 S.W.2d 139,
143 (Tex. App.--Austin 1992, pet. ref'd).

 Whether trial counsel was ineffective is to be judged in light of all the
circumstances. Strickland, 466 U.S. at 690. "[W]hether the appellant received error-free
representation is not the test; that appellant's counsel made some mistakes at trial does not show
ineffective assistance." Davis v. State, 830 S.W.2d 762, 765 (Tex. App.--Houston [1st Dist.]
1992, pet. ref'd). This Court must evaluate the challenged conduct from counsel's perspective
at the time of trial and not through hindsight. Strickland, 466 U.S. at 689; Stafford v. State, 813
S.W.2d 503, 506 (Tex. Crim. App. 1991). Counsel's actions are usually based on informed
strategic choices made by the defendant and on information supplied by the defendant. Strickland,
466 U.S. at 691. We thus must indulge a strong presumption that trial counsel's conduct falls
within the wide range of reasonable professional assistance; that is, the defendant must overcome
the presumption that, under the circumstances, the challenged action might be considered sound
trial strategy. Id. at 689-90. The convicted defendant must prove ineffective assistance of counsel
by a preponderance of the evidence. Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App.
1985).

 Lombrano contends that he was denied effective assistance of counsel because his
trial counsel failed to file a motion to quash the indictments. However, he has failed to overcome
the presumption that trial counsel's failure to file a motion to quash was based on a strategic
decision or Lombrano's own decision to plead guilty to the charges and enter a plea of true to the
enhancement paragraphs contained in the indictments. Thus, he has not met the first prong of the
Strickland test.

 We must apply a different standard to our analysis of the effectiveness of
Lombrano's trial counsel in failing to object to the trial court's charge on the range of punishment
and the prosecution's closing argument during the punishment phase of trial because the Strickland
test only applies to allegations of ineffective assistance of counsel during the guilt-innocence stage
of trial. Ex Parte Cruz, 739 S.W.2d 53, 57-58 (Tex. Crim. App. 1987). At the punishment
stage, we judge the effectiveness of counsel by the standard of "reasonably effective assistance." 
Under this standard, the sufficiency of counsel's assistance is gauged by the totality of his or her
representation. Id. "This constitutional right to counsel does not mean errorless counsel or
counsel whose competency is to be judged by hindsight." Id. Lombrano complains that his trial
counsel's failure to object to erroneous and harmful instructions in the trial court's charge
amounted to ineffective assistance of counsel. See Ex Parte Drinkert, 821 S.W.2d 953, 955 (Tex.
Crim. App. 1991). We have already held that the trial court's instructions on enhanced
punishment were not erroneous; therefore, Lombrano has failed to prove that he did not receive
reasonably effective assistance. See Kinnamon v. State, 791 S.W.2d 84, 97 (Tex. Crim. App.
1990) (holding that trial counsel not ineffective for failure to raise untenable point). (3) In addition,
we have already held that the prosecutor's closing arguments did not create egregious harm to
Lombrano, and from the record before us, we are unable to say that trial counsel's assistance was
not reasonably effective when gauged by a totality of the representation. We overrule Lombrano's
fourth point of error.



CONCLUSION


 Having overruled all of Lombrano's points of error, we affirm the trial court's
judgment of conviction.



 

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: August 30, 1995

Do Not Publish

1.   Lombrano contends that his plea of true was "erroneously obtained in violation of
said Art. 36.01."
2.   The court acknowledged that not every reference to parole law necessitates reversal,
especially when the prosecutor's statement is of such a nature that the impropriety can be
cured by prompt instructions by the trial court. In Clark, the trial court overruled the
appellant's objection, and the jury did not receive the benefit of an instruction to disregard the
comment. 643 S.W.2d at 725.
3.   Kinnamon was overruled on other grounds by Cook v. State, 884 S.W.2d 485 (Tex.
Crim. App. 1994).