Arthur Ray BURNS, Appellant,

v.

STATE of Texas, Appellee.

No. 13–84–337–CR.

Court of Appeals of Texas,
Corpus Christi.

May 30, 1985.

James Lawrence, Corpus Christi, for appellant.

Grant Jones, Corpus Christi, for appellee.

Before NYE, C.J., and BENAVIDES and SEERDEN, JJ.

OPINION

BENAVIDES, Justice.

Appellant was tried by a jury which found him guilty of the offense of aggravated robbery. Appellant pled "true" to the enhancement allegations of the indictment and was sentenced by the jury to life in prison. We affirm.

In a single ground of error, appellant alleges the court's charge disallowed the jury to be the factfinder in assessing punishment.

■ The indictment properly alleged previous felony convictions under circumstances described in TEX.PENAL CODE ANN. § 12.42(d) (Vernon Supp.1985). The court's charge on punishment instructed the jury that it could assess either confinement for life or a term not more than 99 years' or less than 25 years' confinement. Appellant now argues that, as factfinder, the jury was entitled to disbelieve his plea of true and the evidence presented by the State proving the prior convictions as alleged and should not have been limited to the punishments set forth in Section 12.42(d) of the Texas Penal Code.

■ Although decided before the 1983 amendment of § 12.42(d), we find the case of *Harvey v. State*, 611 S.W.2d 108 (Tex. Crim.App.), cert. denied., 454 U.S. 840, 102 S.Ct. 149, 70 L.Ed.2d 123 (1981), controlling. When appellant pled "true" to the indictment, the truth of the enhancement allegations was resolved and that issue was no longer before the jury. *Id.* at 111. Punishment in accordance with the statute was then mandatory. *Id. See and compare Washington v. State*, 654 S.W.2d 10 (Tex.App.—Corpus Christi, 1982), *aff'd*, 677 S.W.2d 524 (Tex.Crim.App.1984). Appellant's ground of error is overruled.

The judgment of the trial court is AFFIRMED.

Opinion ordered published.

TEX.R.CRIM.APP.P. 207.