

# NUMBER 13-18-00238-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**GERALD LAMONT PEOPLES,**                                                              **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                      **Appellee.**

---

### On appeal from the 24th District Court of Victoria County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Tijerina**
**Memorandum Opinion by Justice Tijerina**

A jury convicted appellant Gerald Lamont Peoples of tampering with physical evidence, a third-degree felony.[1]   *See* TEX. PENAL CODE ANN. § 37.09(c).   Peoples

---

[1] The jury acquitted Peoples of aggravated assault with a deadly weapon.  *See* TEX. PENAL CODE ANN. § 22.02(a)(2).

received a sentence of fifty years' incarceration.[2]  By four issues, Peoples contends that the charge was erroneous (issues one and two), and the trial court improperly admitted and excluded evidence (issues three and four).[3]  We affirm.

## I.    JURY CHARGE

By his first and second issues, Peoples contends that there was error in the punishment jury charge because it included "habitual felony" language.[4]  We review alleged charge error for abuse of discretion.  *See Wesbrook v. State*, 29 S.W.3d 103, 122 (Tex. Crim. App. 2000).

In his first issue, Peoples argues that "[t]he charge is not supported by the law since there exists neither an habitual felony offender penal code definition nor statute." However, § 12.42 of the Texas Penal Code is entitled "Penalties for Repeat and Habitual Felony Offenders on Trial for First, Second, or Third Degree Felony."  TEX. PENAL CODE ANN. §§ 12.42, 36.14 (setting out that the trial court must deliver to the jury "a written charge distinctly setting forth the law applicable to the case").  This statute exists setting out that the sentence of a repeat and habitual felony offender will be enhanced under certain circumstances.  *Id*.  Specifically, as applicable here, § 12.42(d) sets out that

> if it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

---

[2] The punishment was enhanced under the habitual felony offender statute.  *See id.* § 12.35(d).

[3] We have renumbered and reorganized the issues for purposes of our analysis.

[4] Peoples acknowledges that he did not object to the charge on any basis.  Nonetheless, whether Peoples objected is relevant only if we find error in the charge as that determines our standard of reviewing the error.  *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g).

*Id.* Thus, § 12.42(d) clearly states that the punishment for a third-degree felony shall be enhanced to a minimum of twenty-five years if there are two prior felony convictions, with the second conviction being for an offense that occurred after the first conviction became final. *Id.*

Here, Peoples pleaded "true" to the State's allegations that he had previously been convicted of two prior felonies and that the previous second felony conviction was for an offense that occurred subsequent to the first previous conviction having become final.[5] *See id.* Therefore, pursuant to § 12.42(d) of the Texas Penal Code, Peoples was required to "be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years." *See id.*; *Burns v. State*, 695 S.W.2d 235, 236 (Tex. App.—Corpus Christi–Edinburg 1985, no pet.) (explaining that "[w]hen [the] appellant pled 'true' to the indictment, the truth of the enhancement allegations was resolved . . ." and "[p]unishment in accordance with the statute was then mandatory"); *see also Harvey v. State*, 611 S.W.2d 108, 112 (Tex. Crim. App. 1981) ("Where one prior conviction is alleged in the indictment for enhancement purposes and the accused chooses to enter a plea of 'true' or 'guilty' to the allegation at the punishment stage of the trial, then it is permissible for the trial court to charge the jury on punishment as though the primary offense, for which the accused has been convicted, carries the enhancement punishment, as was done here."). We cannot conclude under these circumstances that the jury charge is erroneous. Accordingly, we overrule Peoples's first

---

[5] The State alleged that Peoples committed the offenses of robbery and aggravated robbery. *See* TEX. PENAL CODE ANN. §§ 29.02, 29.03. Peoples pleaded "true" to the State's allegations at the punishment phase of the trial in open court in front of the jury.

issue.

By his second issue, as we understand it, Peoples argues that the charge was erroneous because the State failed to amend its indictment to include its second enhancement allegation and instead notified him of the second enhancement allegation by relying upon a "defective" notice of intention to use extraneous offenses against the defendant. Specifically, Peoples claims that the notice did not include "the words 'finally convicted'" and was therefore defective. Peoples does not provide substantive argument with citation to appropriate authority supporting a conclusion that his claim has merit. *See* TEX. R. APP. P. 38.1(i). Therefore, he has waived his argument. Accordingly, we overrule Peoples's second issue.

## II.      EVIDENTIARY RULINGS

By his third issue, Peoples contends that the trial court improperly admitted State's Exhibit 5, which is a picture of the aggravated assault complainant with a child.[6] By his fourth issue, Peoples contends that the trial court erred by excluding testimony of the complainant offered by Peoples at the punishment phase of trial.

## A.      Standard of Review

We review a trial court's admission or exclusion of evidence for an abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010); *see also Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990) (explaining that the trial court has broad discretion in determining whether to admit evidence and stating "[t]he exercise of that discretion will not be disturbed unless a clear abuse of that discretion is established by the record"). A trial court abuses its discretion if it acts arbitrarily or unreasonably,

---

[6] The complainant is Peoples's ex-wife.

4

without reference to any guiding rules or principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990) (en banc). When considering a trial court's decision to admit or exclude evidence, we will not reverse the trial court's ruling unless it falls outside the "zone of reasonable disagreement." *Id.* at 391; *see Manning v. State*, 114 S.W.3d 922, 926 (Tex. Crim. App. 2003).

## B.    Exhibit 5

By his third issue, Peoples contends that the trial court improperly admitted State's Exhibit 5, which is a picture of the aggravated assault complainant with a child. *See* TEX. R. EVID. 403 (providing that the trial court may exclude relevant evidence if its probative value is substantially outweighed by a danger of among other things unfair prejudice). Specifically, Peoples argues the picture is prejudicial because there is a child in it.

First, Peoples argues that the trial court failed to engage in the required 403 balancing test. In *Santellan v. State*, the appellant argued that the trial court failed to conduct the required 403 balancing test. 939 S.W.2d 155, 173 (Tex. Crim. App. 1997). The *Santellan* court stated that "the trial court did not explicitly refuse to do the test, [and] it simply overruled appellant's Rule 403 objections." *Id*. The court reviewed the record and determined that there was nothing in it indicating that the trial court did not perform a balancing test. *Id*. In *Williams v. State*, the Texas Court of Criminal Appeals, addressing the same argument, stated that "a trial judge is not required to sua sponte place any findings he makes or conclusions he draws when engaging in this [Rule 403 balancing] test into the record, nor did appellant request such to be affirmatively shown" and that "a judge is presumed to engage in the required balancing test once Rule 403 is invoked . . . ." 958 S.W.2d 186, 195 (Tex. Crim. App. 1997). The *Williams* Court refused

5

to hold that silence of the record implies otherwise. *Id*.

Here, as in *Santellan*, the trial court did not refuse to conduct the required Rule 403 balancing test; instead, it simply overruled Peoples's Rule 403 objection. There is nothing in this record indicating that the trial court did not perform the balancing test, and we presume that the trial court engaged in the required balancing test once Peoples invoked rule 403. *See id*.; *Yates v. State*, 941 S.W.2d 357, 367 (Tex. App.—Waco 1997, pet. ref'd) ("By overruling the Rule 403 objection, the court necessarily conducted the balancing test when it considered the objection.").

Next, Peoples argues that his objection pursuant to Rule 403 should have been sustained and that "[i]t is obvious that the sole purpose of the child's image was to inflame the jury and deny [him] the right to a fair trial."

After overruling his rule 403 objection, the trial court granted Peoples's request to provide a limiting instruction to the jury. The trial court instructed the jury as follows:

> Members of the jury, in this next photograph, you'll see basically a woman and a child. The purpose of that is simply to show you what the woman looked like, her appearance, her demeanor, et cetera. Please disregard the child other than the child is present, as you see; but that is not the purpose the State is offering it for. It is the actual appearance, et cetera, of the woman in the photograph.

Even assuming, without deciding, that the evidence was improperly admitted, "a prompt instruction to disregard will ordinarily cure the prejudicial effect and the jury is presumed to follow the trial court's instruction to disregard the improperly admitted evidence in the absence of evidence indicating the members of the jury failed to do so." *State v. Boyd*, 202 S.W.3d 393, 402 (Tex. App.—Dallas 2006, pet. ref'd); *see also Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005) ("On appeal, we generally presume the jury follows the trial court's instructions in the manner presented."). Here, Peoples

6

has not rebutted the presumption that the jury followed the trial court's instruction. *See State*, 202 S.W.3d at 402. Therefore, we must presume that the jury disregarded the child in the picture as instructed and considered State's Exhibit 5 solely for the purpose of showing what the complainant "looked like, her appearance, her demeanor, etc." Accordingly, any error in admitting the photograph was rendered harmless by the trial court's instruction. *See id*. We overrule Peoples's third issue.

## C.    Mitigation Testimony

By his fourth issue, Peoples contends that the trial court improperly excluded testimony from the aggravated assault complainant during the punishment phase of the trial. Specifically, Peoples argues that the trial court should have allowed the complainant to state the "number" of years she believed Peoples deserved to be sent to prison.

At the punishment phase of the trial, the following occurred:

| | |
|---|---|
| [Peoples]: | [Complainant], I've got a question for you; and . . . I want you to think about this question before you answer. . . .  In your mind, what is justice for you? |
| [Complainant]: | He deserves to go do some time for what he did, but he don't deserve a lot of time. |
| [Peoples]: | Okay. |
| [Complainant]: | And he is a good man and he was a good man when he wasn't on the drugs and I honestly don't think he deserves a lot of time. |
| [Peoples]: | Would you go any further in a number or no? |
| [The State]: | Your Honor, I'm going to object to that question.  It's been . . . asked and answered. |
| [Peoples]: | Your Honor, her response was (inaudible). |
| [The Court]: | I'm going to sustain the objection. |

[Peoples]:          Okay. Pass the witness, Judge.

To preserve an appellate argument that the trial court improperly excluded evidence, the proponent must make an offer of proof, "which sets forth the substance of the proffered evidence." *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009). "The offer of proof may consist of a concise statement by counsel, or it may be in question-and-answer form." *Id*. "If in the form of a statement, the proffer 'must include a reasonably specific summary of the evidence offered and must state the relevance of the evidence unless the relevance is apparent, so that the court can determine whether the evidence is relevant and admissible.'" *Id*. at 889–90.

Here, Peoples did not make an offer of proof when the trial court sustained the State's objection. Therefore, we conclude that this issue has not been preserved for our review. *See id*. at 889; *see also* TEX. R. APP. P. 33.1(a). We overrule Peoples's fourth issue.

### III.    CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
19th day of December, 2019.

8